# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN DOYLE et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>       Defendant. | Case No.: 3:24-cv-12030-MGM |

**FEDERAL EXPRESS CORPORATION'S MOTION FOR RULE 11 SANCTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc., ("FedEx") moves the Court to dismiss the amended complaint without prejudice as a sanction under Federal Rule of Civil Procedure 11, and require Plaintiffs' counsel to (1) effectively communicate with each potential Plaintiff about their obligations as a named Plaintiff as opposed to being a class or collective action member and to obtain their informed consent to be such a Plaintiff, (2) ensure each Plaintiff is willing and able to participate and meet the obligations of being a <u>full</u> Plaintiff (including preservation of documents, responding to requests for production and interrogatories, and sitting for depositions), (3) detail a plan for the Court as to how Plaintiffs' counsel can meet Plaintiffs' discovery and other obligations in a timely and efficient manner (while simultaneously litigating on behalf of the more than 12,000 other individual Plaintiffs it has filed suit on behalf of), and (4) conduct a reasonable investigation under the circumstances to determine whether each potential Plaintiff's claims "are warranted by existing law" and "have evidentiary support or . . . will likely have evidentiary support" before permitting Plaintiffs' counsel to refile. *See* Fed. R. Civ. P. 11(b)(2)-(3). In accordance with Rule 11(c)(2), FedEx also requests all reasonable expenses, including attorneys' fees, incurred for the preparation and filing of this memorandum, the motion, and the attached exhibits, including Ms. Scott's declaration.

Plaintiffs' counsel, Lichten & Liss-Riordan, P.C. ("LLR"), has violated Rule 11(b)(1) because the amended complaint was filed to harass, cause unnecessary delay, and needlessly increase the cost of litigation in two ways. First, LLR did nothing to ensure that the Plaintiffs included in the amended complaint are real Plaintiffs that understand the obligations and potential liabilities associated with being Plaintiffs, as opposed to the limited participation

1

required of them in the *Roy* case. Second, LLR knows from the years it spent seeking (and in many instances failing) to obtain <u>limited</u> discovery from named Plaintiffs and opt-ins in *Roy* and the *Claiborne* case that it cannot properly litigate this case on behalf of 38 individuals as named Plaintiffs in this case, in addition to the three other complaints it has brought on behalf of over 12,000 individuals. In fact, many of the 38 Plaintiffs in this case did not meet even the limited discovery participation required of them as opt-ins in the *Roy* case.

LLR has also violated Rule 11(b)(2)-(3) because it has not conducted any reasonable inquiry as to each Plaintiff to ensure the legal or factual viability of their claims. This is demonstrated by LLR alleging inaccurate facts for many Plaintiffs despite having evidence readily available to it produced in *Roy*, LLR's inclusion of a Plaintiff who is also named in the *Alleyne* complaint, and LLR's failure to request the Plaintiffs' pay documents from their employers, the Service Providers.

FedEx should not be required to respond to a complaint that is indisputably in violation of Rule 11. For these reasons, FedEx respectfully requests that the Court grant its motion, and impose the sanction of dismissing this case, without prejudice, so that LLR can meet its obligations under Rule 11, as discussed above, before refiling. FedEx also respectfully requests an award of attorneys' fees and costs under Rule 11(c)(2).

FedEx's motion is supported by its concurrently-filed memorandum in support, the declaration of Attorney Jessica Scott, and all exhibits.[1]

---

[1] FedEx notes that this case, *Doyle*, is pending in the Springfield Division based on Plaintiffs' designation that *Doyle* is related to the now-resolved *Roy* case. (*See* Compl., ECF No. 1.) By filing this motion, FedEx does not concede relatedness and maintains that this action neither involves the same or substantially similar issues of fact nor grows out of the same occurrence or

2

**CERTIFICATE OF CONFERRAL AND COMPLIANCE WITH RULE 11**

In accordance with Federal Rule of Civil Procedure 11(c)(2), FedEx served this motion, accompanying memorandum, declaration, and exhibits on LLR in accordance with Rule 5 on November 7, 2024, and requested that LLR dismiss without prejudice the amended complaint within 21 days (November 29, 2024). LLR did not withdraw the amended complaint within that time. FedEx thus files the instant motion.

---

transaction as the *Roy* action. *See* LR 40.1(g). FedEx has filed a motion seeking to return the case to the clerk for reassignment, pursuant to LR 40.1(g)(6). (ECF No. 19.)

Dated:  December 2, 2024.                    Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　/s/ Jessica G. Scott
　　　　　　　　　　　　　　　　　　　　　　　Jessica G. Scott (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Wheeler Trigg O'Donnell LLP
　　　　　　　　　　　　　　　　　　　　　　　370 Seventeenth Street, Suite 4500
　　　　　　　　　　　　　　　　　　　　　　　Denver, CO 80202-5647
　　　　　　　　　　　　　　　　　　　　　　　Telephone:   303.244.1800
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:   303.244.1879
　　　　　　　　　　　　　　　　　　　　　　　scott@wtotrial.com

　　　　　　　　　　　　　　　　　　　　　　　Michael A. Siedband (BBO #676888)
　　　　　　　　　　　　　　　　　　　　　　　Joseph P. McHugh (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Shanicka L. Kennedy (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Federal Express Corporation
　　　　　　　　　　　　　　　　　　　　　　　1000 FedEx Drive
　　　　　　　　　　　　　　　　　　　　　　　Moon Township, PA 15108
　　　　　　　　　　　　　　　　　　　　　　　Telephone:   412.859.5917
　　　　　　　　　　　　　　　　　　　　　　　Telephone:   412.859.5792
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:   412.859.5413
　　　　　　　　　　　　　　　　　　　　　　　michael.siedband@fedex.com
　　　　　　　　　　　　　　　　　　　　　　　joseph.mchugh@fedex.com
　　　　　　　　　　　　　　　　　　　　　　　shanicka.kennedy@fedex.com

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Federal Express Corporation,
　　　　　　　　　　　　　　　　　　　　　　　successor by merger to FedEx Ground Package
　　　　　　　　　　　　　　　　　　　　　　　System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on December 2, 2024, I electronically served the foregoing **FEDERAL EXPRESS CORPORATION'S MOTION FOR RULE 11 SANCTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** via CM/ECF.

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Matthew Carrieri**
  mcarrieri@llrlaw.com

- **Jeremy Edward Abay**
  jabay@llrlaw.com

- **Michael A. Siedband**
  michael.siedband@fedex.com

*s/ Jessica G. Scott*