UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN DOYLE et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., <br><br> Defendant. | Case No.: 1:24-cv-12030-DJC-MPK |

**NOTICE OF SUPPLEMENTATION TO FEDEX'S OPPOSITION (ECF NO. 51) TO PLAINTIFFS' MOTION TO REASSIGN CASE TO MAGISTRATE JUDGE KATHERINE A. ROBERTSON**

`

In further support of FedEx's Opposition to Plaintiffs' Motion to Reassign Case to Magistrate Judge Katherine A. Robertson (ECF No. 51), FedEx submits the attached excerpt from the transcript of the April 15, 2025, hearing on FedEx's Rule 11 motion filed in *Alleyne v. Federal Express Corp.*, No. 3:24-cv-12031-MGM (D. Mass.). (04/15/25 Hearing Tr., excerpts attached as Exhibit 1, at 58.)

At the April 15 hearing, Magistrate Judge Robertson indicated that she will be retiring January 7, 2026. As a result, Plaintiffs' motion to "reassign" this case to Magistrate Judge Robertson should be moot or, at the very least, denied on this basis alone. This Court re-set for hearing FedEx's Rule 11 motion and Plaintiffs' motion to reassign for June 24, 2025. (ECF No. 57.) If FedEx's Rule 11 motion is not granted, FedEx intends on filing a motion for more definite statement, which, even if referred to a magistrate judge, may be objected to and subject to review by the Court. *See* Fed. R. Civ. P. 72(a). With the inevitable passage of time required for determination on FedEx's Rule 11 motion, Plaintiffs' motion to "reassign," and any subsequent potential Rule 12 motion before FedEx will even answer Plaintiffs' complaint, Magistrate Judge Robertson will be very close to retirement, if not already retired, before the need to refer any additional matters to her.

As a result, any efficiencies Plaintiffs claim would be gained by reassigning the case to Magistrate Judge Robertson no longer exist. Instead, such temporary "reassignment" or referral would lead only to inefficiencies, as a new magistrate judge will have to be reassigned upon Judge Robertson's retirement and will lack familiarity with whatever actions have already occurred in the case.

**<u>Conferral with Plaintiffs</u>**. To avoid wasting the Court's time and resources analyzing and deciding Plaintiffs' motion to reassign, and to avoid the Parties' time preparing to argue

1

Plaintiffs' motion, FedEx conferred with Plaintiffs about the impact of Magistrate Judge Robertson's retirement on their motion in the hopes Plaintiffs would agree their motion no longer makes sense in terms of efficiencies. FedEx offered to prepare a joint motion withdrawing Plaintiffs' motion to reassign. Without any explanation at all, Plaintiffs' counsel responded, "We're not consenting. File whatever you want." (04/28/25 Email chain between J. Scott and S. Liss-Riordan, attached as Exhibit 2.)

Dated:  April 29, 2025                              Respectfully submitted,


/s/ Jessica G. Scott
Jessica G. Scott (*pro hac vice*)
Macy Mize-Martinez (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
scott@wtotrial.com
mize-martinez@wtotrial.com

Michael A. Siedband (BBO #676888)
Joseph P. McHugh (*pro hac vice*)
Shanicka L. Kennedy (*pro hac vice*)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108
Telephone:    412.859.5917
Telephone:    412.859.5792
Facsimile:     412.859.5413
michael.siedband@fedex.com
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com


Attorneys for Defendant Federal Express
Corporation, successor by merger to FedEx Ground
Package System, Inc.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 29, 2025.

      *s/ Jessica G. Scott*