## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SEAN DOYLE et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | )   Case No. 24-cv-12030-DJC |
| FEDERAL EXPRESS CORPORATION, | ) |
| successor by merger to FEDEX GROUND | ) |
| PACKAGE SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

CASPER, J.                                                                July 17, 2025

### I.     Introduction

After a dismissal of a FLSA collective action, thirty-eight plaintiffs ("Plaintiffs") have filed this lawsuit against Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc. ( "FedEx"), for failing to pay overtime wages owed to Plaintiffs in violation of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq.* D. 1, 14. FedEx has moved to dismiss the amended complaint as a sanction for violation of Fed. R. Civ. P. 11 by Plaintiffs' counsel Litchten & Liss-Riordan, P.C. ("LLR"). D. 27. For the reasons stated below, the Court DENIES FedEx's motion for sanctions without prejudice. Id.[1]

---

[1] Plaintiffs also moved to reassign this case to Magistrate Judge Katherine A. Robertson who presided over the prior collective action. D. 46. Considering Judge Robertson's upcoming retirement, D. 59-1 at 59, LLR has indicated at the hearing that it is withdrawing the motion. Accordingly, the Court DENIES the motion as moot. D. 46. The Court ALLOWS FedEx's motion for additional pages for its memorandum in support of the Rule 11 motion *nunc pro tunc*. D. 23.

## II.    Legal Standards

"Rule 11(b) permits, but does not require, the court to sanction an attorney for the filing or signing of a paper for 'any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,' or for asserting or denying factual contentions that either lack evidentiary support or are unlikely to have such support after an opportunity for investigation or discovery."  Augustyniak Ins. Grp., Inc. v. Astonish Results, L.P., No. 11-cv-464S-PAS, 2013 WL 998770, at *7 (D.R.I. Mar. 13, 2013) (quoting Fed. R. Civ. P. 11(b)).  "Rule 11(b) allows sanctions only for misconduct in presenting 'a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it.'"  Balerna v. Gilberti, 708 F.3d 319, 323 (1st Cir. 2013) (quoting Fed. R. Civ. P. 11(b)).  "While the First Circuit has not clearly circumscribed who bears what burden of proof to establish the factual predicate to the imposition of sanctions, other courts have held that the burden is on the Rule 11 movant, and that '[a]ll doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper.'"  Augustyniak Ins. Grp., Inc., 2013 WL 998770, at *7 (alteration in original) (quoting McMahon Sec. Co. v. FB Foods, Inc., No. 04-cv-1791-SCB, 2006 WL 2092643, at *2 (M.D. Fla. July 27, 2006)).

## III.    Factual and Procedural Backgrounds

FedEx operates a package pickup and delivery business that serves customers throughout the United States.  D. 14 ¶ 48.  As alleged, FedEx employs thousands of package delivery drivers who (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivery packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicle with a gross vehicle weight rating of 10,001 pounds or less.  Id. ¶ 49.

2

In 2017, LLR filed an FLSA collective action against FedEx, <u>Roy v. FedEx Ground Package System, Inc.</u>, 17-cv-30116-KAR (D. Mass.). The case was conditionally certified by the Court on November 27, 2018, resulting in approximately 550 individuals opting into the case ("opt-ins"). D. 28 at 7; <u>Roy</u>, 17-cv-30116-KAR, D. 64.[2] On August 18, 2023, FedEx moved to decertify the conditional class. <u>Roy</u>, 17-cv-30116-KAR, D. 347. On March 29, 2024, the Court granted the motion and decertified the class. <u>Roy</u>, 17-cv-30116-KAR, D. 408. Following decertification, LLR asked for, and received a 120-day tolling period to allow the dismissed opt-ins to file their claims individually. <u>Roy</u>, 17-cv-30116-KAR, D. 419.

On August 6, 2024, LLR filed the initial complaint for this action on behalf of Plaintiffs, D. 1, amended on September 25, 2024, D. 14. On the same day, LLR also filed a complaint in another action, <u>Alleyne et al. v. Federal Express Corporation</u>, 24-cv-12031-RGS, D. 1, amended on October 3, 2024, D. 21. The plaintiffs in both this case and <u>Alleyne</u> consist of former <u>Roy</u> opt-ins. D. 38 at 9. On December 2, 2024, FedEx now has moved for Rule 11 sanctions against LLR and requests dismissal of Plaintiffs' amended complaint. D. 27. The Court heard the parties and took the matter under advisement. D. 61.

---

[2] Concurrently, LLR also represented a collective of approximately 30,000 opt-ins pursuing identical claims against FedEx in the Western District of Pennsylvania, <u>Claiborne v. FedEx Ground Package System, Inc.</u>, 18-cv-01698-RJC (W.D. Pa.), which was conditionally certified on September 30, 2019. D. 38 at 8-9. On April 30, 2024, the plaintiffs in that case voluntarily decertified their collective action and requested the court to dismiss all opt-ins without prejudice and toll the statute of limitations for them to pursue their claims individually through August 6, 2024 (120 days). <u>Id.</u> at 9. The court granted that motion on May 2, 2024. <u>Id.</u> LLR has filed two actions after <u>Claiborne</u> was decertified: <u>Abner v. Federal Express</u>, No. 24-cv-01129-RJC (W.D. P.A.) and <u>Brannon v. Federal Express</u>, No. 24-cv-01128-RJC (W.D. Pa.). D. 28 at 5.

**IV.     Discussion**

**A.     At This Juncture, FedEx Has Not Shown That LLR Has Violated Rule 11(b)(1)**

FedEx alleges that LLR has violated Rule 11(b)(1) by filing this action "only to 'harass, cause unnecessary delay, [and] needlessly increase the cost of litigation," D. 28 at 19 (alteration in original) (quoting Fed. R. Civ. P. 11(b)(1)), because (1) there is no indication that the named plaintiffs are valid and (2) LLR will not be able to get the plaintiffs to participate fully in discovery, id. at 14, 17.

*1.     Invalid Plaintiffs*

FedEx alleges that LLR has breached its duty to conduct a reasonable pre-filing inquiry because it did not fully communicate the rights and responsibilities entailed in being a plaintiff here to the Roy opt-ins but only signed them up for this litigation based on "nothing more than [their] basic information [] and confirmation that they are not an employee of FedEx." Id at 15. Rule 11 imposes on litigants "the affirmative duty to conduct a reasonable inquiry into the facts and the law" prior to filing a pleading. Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992) (quoting Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991)). "Whether or not this duty has been breached depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances." Navarro-Ayala, 968 F.2d at 1425 (citing Bus. Guides, Inc., 498 U.S. at 551). Factors relevant to this consideration include "the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information." Id.

Here, LLR asserts that it relied upon representations made in the opt-in consent forms in Roy in selecting the plaintiffs in this matter. D. 38 at 16, 18-19. These forms contain declarations "under penalty of perjury" that the opt-in had "delivered packages for FedEx within the statute of

4

limitations, and that they were not paid for overtime to which they were entitled during that time period." Id. at 19. Here, where LLR only had 120 days from the date of decertification to investigate and file claims "of more than 400 individuals who were former opt-in to the Roy litigation," "who (for the most part) had not engaged in substantial discovery," id. at 16, it is not unreasonable for LLR to rely upon sworn declarations of same to determine whether they should be included as plaintiffs in this case. See CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 579 (3d Cir. 1991) (articulating that "[t]he shorter the time the more reasonable it is for an attorney to rely on the client or forwarding counsel").

Moreover, to the extent that FedEx relies upon two social media posts containing communications to opt-in plaintiffs regarding this case and a screenshot of a sign-up portal for same as evidence that LLR has failed to adequately communicate the requisite information to opt-ins, D. 28-8; D. 28-9; D. 28-10, FedEx cannot presume to know what the firm communicated to its clients or what LLR counsels did to vet their clients claims based solely on same. Indeed, "Rule 11 does not require a party or an attorney to disclose any privileged communications or work product to show that a pleading, motion, or other paper is substantially justified." TEGG Corp. v. Beckstrom Elec. Co., No. 08-cv-435, 2008 WL 5216169, at *3 (W.D. Pa. Dec. 10, 2008). Moreover, as discussed, the burden is on FedEx to establish that LLR has breached its duty and is liable for sanctions under Rule 11. Augustyniak Ins. Grp., Inc., 2013 WL 998770, at *7 (citing McMahon Sec. Co., 2006 WL 2092643, at *2). Where, as here, there is doubt regarding whether Rule 11 has been violated, it "should be resolved in favor of" LLR, "the signer of the paper." Id. (quoting McMahon Sec. Co., 2013 WL 998770, at *2).

Lastly, even assuming *arguendo* that LRR has failed to adequately inform the opt-ins about their obligations as litigants, it is difficult to ascertain the link between this alleged failure and

FedEx's argument that this failure was an attempt to "increase[] the costs of litigation for FedEx in an attempt to harass FedEx into settlement." D. 28 at 16. Even if the Court considers LLR's alleged threat to pursue more claims unless FedEx settles, D. 28-1 ¶¶ 25-29, FedEx has not, on the present record, plausibly shown a link between this alleged failure to inform and an intent to harass at this stage of the litigation. See Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir. 1999) (explaining that the fact that "counsel on both sides tended to push the envelope in search of a winning theory" does not support "the imposition of [Rule 11] sanctions").

### 2. Inability to Engage Plaintiffs in Discovery

FedEx next argues that Rule 11 sanction is appropriate because "[i]t's beyond belief that 38 plaintiffs, many of whom have already demonstrated their unwillingness to participate only as opt-ins in the Roy collective, will each fully participate" in the discovery process in this case. D. 28 at 17. This allegation is more concerning to the Court as the Plaintiffs will need to participate in discovery here and must do so in a timely and prompt manner as will be prescribed by the Court. FedEx contends that nine of the thirty-eight Plaintiffs in this action "did not fully comply with their discovery obligations in Roy" and seven other plaintiffs "did not fully comply with their limited discovery obligations" because "they did not produce all of the documents they said they had in their possession up through the time FedEx filed its decertification motion." Id. at 17-18. Considering these past difficulties, FedEx contends that it is doubtful that LLR can adequately handle the discovery in this case, particularly in light of the number of other plaintiffs it is also representing in the other pending cases. Id. at 18. This inability, FedEx asserts, shows that LLR has filed this case against it "only to 'harass, cause unnecessary delay, [and] needlessly increase the cost of litigation.'" Id. at 19 (alteration in original) (citing Fed. R. Civ. P. 11(b)(1)).

6

Contrary to LLR's suggestion otherwise, prior history of judicial rebukes, sanctions, or violations, whether in related or unrelated cases, is relevant in determining both the applicability and scope of a Rule 11 sanction.  See Fusco v. Medeiros, 965 F. Supp. 230, 235 n.3 (D.R.I. 1996) (considering the discovery sanctions awarded in the matter "to be highly relevant to the determination of the nature and purposes of the Rule 11 sanctions" to be imposed); Kramer v. Tribe, 156 F.R.D. 96, 104 (D.N.J. 1994) (holding that it is "appropriate to consider past conduct" and noted thirty six "publicly reported instances of violating rules of professional conduct"), aff'd, 52 F.3d 315 (3d Cir. 1995); McLaughlin v. Bradlee, 602 F. Supp. 1412, 1418 (D.D.C. 1985) (taking into consideration the plaintiff's previous bad faith conducts in related litigation), aff'd, 803 F.2d 1197 (D.C. Cir. 1986).  FedEx's assertion that the same discovery difficulties that arose in Roy is "prologue," D. 28 at 18, for what will happen in this case is too speculative to sustain Rule 11 sanctions at this point.  See Nemsky v. ConocoPhillips Co., 574 F.3d 859, 868-69 (7th Cir. 2009) (affirming the lower court's denial of Rule 11 sanctions because the court would need to engage in a speculative "chain of inferences" to conclude that the plaintiff's conduct was sanctionable).  Even assuming *arguendo* that LLR will face some of the same discovery issues in this case as it did in Roy, that in and of itself is insufficient at present to support FedEx's assertion that LLR had filed this action "only to 'harass, cause unnecessary delay, [and] needlessly increase the cost of litigation."  Id. at 19 (alteration in original) (citing Fed. R. Civ. P. 11(b)(1)).  The Court might come to a different conclusion if similar discovery difficulties are encountered here in discovery from the thirty-eight Plaintiffs, but that is not the present record before the Court.

FedEx's reliance on In re Engle Cases, 283 F. Supp. 3d 1174 (M.D. Fla. 2017) does warrant a different outcome.  There, the sanctioned law firm filed over three thousand "Engle-progeny

complaints" after the class action at issue was decided.  Id. at 1186-87.  As it turned out, many of the plaintiffs never authorized the firm to file suit and many others "had died well before" the firm filed the complaint.  Id. at 1183-84.  Notably, the court only learned about this after it had sent questionnaires directly to the plaintiffs, a process which counsel had resisted.  Id. at 1184.  In total, "[i]t was this obstructive, deceptive, and recalcitrant behavior that, in combination with the hundreds of frivolous complaints, compelled the Court to initiate sanctions proceedings."  Id. Here, there is no evidence that LRR had filed these claims without the named plaintiffs' consent. Moreover, FedEx has offered no evidence to show that LRR has engaged the type of deceptive behavior at issue in Engle.

For the aforementioned reasons, the Court denies the motion for sanctions under Rule 11(b)(1).

## B.    At This Juncture, FedEx Has Not Shown That LLR Has Violated Rule 11(b)(2)-(3)

FedEx next alleges that LLR has violated Fed. R. Civ. P. 11(b)(2)-(3), which requires an attorney to certify that his or her claims have legal and evidentiary support.  D. 28 at 21.  As alleged, LLR has violated the rule (1) because it has failed to allege "accurate facts for many of the plaintiffs' claims" and (2) because it has not requested pay documents from the plaintiffs' employers.  D. 28 at 21-24.

### 1.    Failure to Allege Accurate Facts

FedEx alleges that "[d]espite having access to documents produced in Roy demonstrating that some of the [p]laintiffs were paid over time . . . , that some did not work overtime for significant amount of time, and that some [p]laintiffs drove only heavy vehicles for significant amount of time and for certain [ISPs] (making them exempt from overtime), LLR proceeded with blanket allegations, claiming damages for all years driven."  Id. at 21. FedEx then proceeds to

8

point to alleged discrepancies between the allegations raised in the complaint and the evidence in Roy.  Id. at 21-22.[3]

The purpose of Rule 11 sanctions is to prevent lawyers from "advocating for a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose."  CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011).  Rule 11 "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purpose."  Am. Mod. Home Ins. Co. v. United Yacht Sales, No. 16-cv-40127-TSH, 2017 WL 5760914, at *7 (D. Mass. Sept. 7, 2017) (quoting Fed. R. Civ. P. 11, Notes of the Advisory Committee on Rules, 1993 Amendments).  To the extent that LRR's allegations later will be undermined by evidence, FedEx will have an opportunity to make that showing at summary judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986) (holding that one of the "principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses").

Additionally, FedEx also argues that LLR failed to investigate information contained in scanner and vehicle data from the Roy case which allegedly contain relevant data concerning hours worked.  D. 28 at 22.  As discussed, however, where LLR had a short amount of time to sift through information of the Roy opt-ins prior to filing this action, their reliance upon the opt-in consent forms in this particular case appears, at this juncture, to constitute reasonable pre-filing investigation.

---

[3] FedEx also relies upon the fact that LLR included one of the plaintiffs, Roberto Ayala-Robles, in both this and the Alleyne complaint to support its argument that LLR has pleaded inaccurate facts in violation of Rule 11(b)(2)-(3).  D. 28 at 23.  LLR, however, has indicated in its opposition that it included Ayala-Robles in the Alleyne matter erroneously and that it has dismissed him from that case.  D. 38 at 7 n.3.

### 2.     Failure to Request Pay Documents

Lastly, FedEx argues that LLR should be sanctioned because it has failed to request the plaintiffs' "pay documents from their employer and reviewing documents to ensure factual viability of their overtime claim." D. 28 at 23.  To support this argument FedEx cites cases that have sanctioned counsel under Rule 11 for a failure to do so before filing a suit.  Id. at 24 (citing Estrada v. FTS USA, LLC, No. 14-23388, 2018 WL 1836007, at *4 (S.D. Fla. Jan. 23, 2018) (collecting cases), report and recommendation adopted, 2018 WL 1811907 (S.D. Fla. Mar. 16, 2018), aff'd, 810 F. Appx. 743, 743 (11th Cir. 2020)).  As discussed, however, what qualifies as reasonable pre-suit inquiry must be considered "under the totality of the circumstances."  Navarro-Ayala, 968 F.2d at 1425 (citing Bus. Guides, Inc., 498 U.S. at 551).  Accordingly, in the absence of guidance from the First Circuit, the Court declines here to adopt a bright-line rule requiring the requiring pre-suit inspection of certain documents by LLR before filing this lawsuit.

## V.     Conclusion

For the reasons stated below, the Court DENIES FedEx's motion for sanctions without prejudice.  D. 27.  Because the conduct of discovery will be critical to manage here, particularly given the number of plaintiffs, the Court refers all pre-trial matters in this action, including scheduling and discovery, to Magistrate Judge M. Page Kelley.

**So Ordered.**

/s Denise J. Casper
United States District Judge