### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

SEAN DOYLE et al.,

                Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,
successor by merger to FEDEX GROUND
PACKAGE SYSTEM, INC.,

                Defendant.

Case No.: 1:24-cv-12030-DJC-MPK

### FEDERAL EXPRESS CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

MATERIAL ALLEGATIONS (OR LACK THEREOF) ............................................................1

LEGAL STANDARD ........................................................................................................3

ARGUMENT ...................................................................................................................3

I.      PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED BECAUSE THEY HAVE NOT PLED A PLAUSIBLE FLSA VIOLATION ...............................................3

      A.      Plaintiffs' Allegations are Threadbare Recitations of the FLSA's Elements..........4

      B.      Plaintiffs' Allegations, at Most, Allege Mechanisms by Which the FLSA's Overtime Provisions May Have Been Violated....................................................6

           1.      Plaintiffs do not allege workweeks in which they drove light vehicles ...............................................................................................7

           2.      Plaintiffs do not allege weeks in which their service providers did not properly compensate them for overtime pay when they were eligible for it...........................................................................................10

II.     PLAINTIFFS LACK STANDING TO BRING THEIR DECLARATORY JUDGMENT CLAIM.................................................................................................12

      A.      There Is No Private Cause of Action for Equitable Relief under the FLSA.........12

      B.      Plaintiffs Allege No Future Imminent Harm.......................................................14

III.    PLAINTIFFS' DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED BECAUSE IT DUPLICATES PLAINTIFFS' FLSA CLAIM...................18

CONCLUSION...............................................................................................................20

## TABLE OF AUTHORITIES

**CASES**

*Andela v. Admin. Off. of U.S. Cts.*,
   569 F. App'x 80 (3d Cir. 2014) ...................................................................... 14, 17

*Armstrong v. Exceptional Child Ctr., Inc.*,
   575 U.S. 320 (2015) .............................................................................................. 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 3

*BASF Corp. v. Martineaus Auto Body, Inc.*,
   No. 18-CV-10881-ADB, 2019 WL 383885
   (D. Mass. Jan. 30, 2019) ................................................................................ 19, 20

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 (3d Cir. 1996) ................................................................................... 17

*Bowe v. Judson C. Burns, Inc.*,
   137 F.2d 37 (3d Cir. 1943) ................................................................................... 13

*Butta v. GEICO Cas. Co.*,
   400 F. Supp. 3d 225 (E.D. Pa. 2019) ............................................................. 19, 20

*Carlson v. Amica Mut. Ins. Co.*,
   No. CV NO. 17-4621, 2018 WL 10809978
   (E.D. Pa. Mar. 12, 2018) ...................................................................................... 19

*Chaleplis v. Karloutsos*,
   579 F. Supp. 3d 685 (E.D. Pa. 2022) ................................................................... 19

*Chesley v. DIRECTV, Inc.*,
   No. 14-CV-468-PB, 2015 WL 3549129
   (D.N.H. June 8, 2015) ............................................................................................. 6

*CMR D.N. Corp. v. City of Philadelphia*,
   703 F.3d 612 (3d Cir. 2013) ................................................................................. 16

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
   770 F. Supp. 2d 497 (E.D.N.Y. 2011) .................................................................. 14

*Diamond v. Pa. State Educ. Ass'n*,
   972 F.3d 262 (3d Cir. 2020) ................................................................................. 16

*EEOC v. Am. Tel. & Tel. Co.*,
365 F. Supp. 1105 (E.D. Pa. 1973),
*aff'd*, 506 F.2d 735 (3d Cir. 1974) ...................................................................12

*Ernst & Young v. Depositors Econ. Prot. Corp.*,
45 F.3d 530 (1st Cir. 1995)................................................... 14, 15, 16, 17

*Fernandez v. CheckAlt Eras, Inc.*,
No. 20-CV-22746-UU, 2020 WL 13016337
(S.D. Fla. Aug. 31, 2020) ...................................................................18

*Gomez v. Loomis Armored US, LLC*,
No. 5:16-CV-931, 2017 WL 7052254
(W.D. Tex. Oct. 26, 2017)...................................................................8

*Gormally Broad. Licenses, LLC v. Charter Commc'n Holding Co., LLC*,
No. CV 3:16-30152-MGM, 2017 WL 3131986
(D. Mass. Feb. 28, 2017) ...................................................................19

*Gould v. First Student Mgmt., LLC*,
No. 16-CV-359-PB, 2017 WL 3731025
(D.N.H. Aug. 29, 2017)................................................................4, 5, 11

*Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*,
479 F. Supp. 3d 143 (E.D. Pa. 2020).................................... 14, 17, 19

*Henderson v. Franklin*,
782 F. App'x 866 (11th Cir. 2019) ...............................................18

*Interdigital Tech. Corp. v. OKI Am., Inc.*,
845 F. Supp. 276 (E.D. Pa. 1994) .................................................16

*Libertad v. Welch*,
53 F.3d 428 (1st Cir. 1995).............................................................16

*Lorillard v. Pons*,
434 U.S. 575 (1978) ........................................................................13

*Malowney v. Fed. Collection Deposit Grp.*,
193 F.3d 1342 (11th Cir. 1999)......................................................18

*Manning v. Bos. Med. Ctr. Corp.*,
725 F.3d 34 (1st Cir. 2013)....................................................3, 4, 5, 6

*Marchak v. Observer Publ'ns, Inc.*,
  493 F. Supp. 278 (D.R.I. 1980) ........................................................................13

*McMaster v. E. Armored Servs., Inc.*,
  780 F.3d 167 (3d Cir. 2015) .............................................................................8

*Mills v. Maine*,
  118 F.3d 37 (1st Cir. 1997) .............................................................................12

*N.Y. State Ct. Clerks Ass'n v. Unified Ct. Sys. of N.Y.*,
  25 F. Supp. 3d 459 (S.D.N.Y. 2014) ...............................................................20

*Noll v. Flowers Foods Inc.*,
  478 F. Supp. 3d 59 (D. Me. 2020) .....................................................................8

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ........................................................................................16

*Ocasio-Hernandez v. Fortuno-Burset*,
  640 F.3d 1 (1st Cir. 2011) .................................................................................4

*Oddo v. Bimbo Bakeries U.S.A., Inc.*,
  391 F. Supp. 3d 466 (E.D. Pa. 2019) .................................................................8

*Penalbert-Rosa v. Fortuno-Burset*,
  631 F.3d 592 (1st Cir. 2011) .............................................................................4

*Petras v. Johnson*,
  No. 92-cv-8298 (CSH), 1993 WL 228014
  (S.D.N.Y. June 22, 1993) ...........................................................................13, 14

*Platt v. Burroughs Corp.*,
  424 F. Supp. 1329 (E.D. Pa. 1976) .................................................................13

*Pruell v. Caritas Christi*,
  678 F.3d 10 (1st Cir. 2012) ......................................................................passim

*Reifer v. Westport Ins. Corp.*,
  751 F.3d 129 (3d Cir. 2014) .......................................................................16, 19

*Rhode Island v. Narragansett Indian Tribe*,
  19 F.3d 685 (1st Cir. 1994) .............................................................................17

*Roe v. Healey*,
  78 F.4th 11 (1st Cir. 2023) ..............................................................................17

iv

*Ruiz v. Bally Total Fitness Holding Corp.*,
    496 F.3d 1 (1st Cir. 2007) ...................................................................................2

*S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.*,
    24 F.3d 427 (2d Cir. 1994) ...............................................................................17

*Saenz v. Rod's Prod. Servs., LLC*,
    No. 2:14-CV-00525 RB-GBW, 2015 WL 12866986
    (D.N.M. June 23, 2015) .....................................................................................20

*Selby v. Goodman Mfg. Co., LP*,
    No. 2:13-CV-2162-RDP, 2014 WL 2740317
    (N.D. Ala. June 17, 2014) .................................................................................17

*Sepúlveda–Villarini v. Dep't of Educ.*,
    628 F.3d 25 (1st Cir. 2010) ...........................................................................3, 12

*State Auto Ins. Cos. v. Summy*,
    234 F.3d 131 (3d Cir. 2000) ..............................................................................20

*Tait v. City of Philadelphia*,
    639 F. Supp. 2d 582 (E.D. Pa. 2009),
    *aff'd*, 410 F. App'x 506 (3d Cir. 2011) ...........................................................17

*Watkins v. Bai Brands, LLC*,
    No. 3:17-CV-2715-BRM-DEA, 2018 WL 999677
    (D.N.J. Feb. 20, 2018) ......................................................................................19

*Wenzig v. Serv. Emps. Int'l Union Loc. 668*,
    426 F. Supp. 3d 88 (M.D. Pa. 2019) ...............................................................16

*Williams v. Puerto Rico*,
    910 F. Supp. 2d 386 (D.P.R. 2012) ..................................................................16

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ..........................................................................................15

*Zurich Am. Ins. Co. v. Watts Regul. Co.*,
    796 F. Supp. 2d 240 (D. Mass. 2011) ..............................................................20

**STATUTES**

28 U.S.C. § 2201 ........................................................................................................15

28 U.S.C. § 2202 ........................................................................................................15

29 U.S.C. § 207 ........................................................................................................................3, 7

29 U.S.C. § 213 ...........................................................................................................................7

29 U.S.C. § 216 .....................................................................................................................12, 14

29 U.S.C. § 217 ..........................................................................................................................12

**RULES**

Fed. R. Civ. P. 12 ........................................................................................................................3

Fed. R. Civ. P. 57 ..................................................................................................................16, 19

**REGULATIONS**

SAFETEA-LU Technical Corrections Act of 2008,
    Pub. L. No. 110-244, § 306, 122 Stat. 1572 ........................................................................8

**OTHER AUTHORITIES**

2 Steven S. Gensler,
    *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 57 (Feb. 2024 Update) .....15

22B John J. Dvorske, J.D., M.A. et al.,
    *Federal Procedure, Lawyer's Edition* § 52:1580
    (June 2025 Update) ..............................................................................................................13

Thirty-eight Plaintiffs assert two claims against FedEx: one for "Unpaid Overtime Under the FLSA," and a second for "Declaratory Judgment." (Am. Compl. ¶¶ 68-69.) Both claims warrant dismissal under Rule 12(b)(6).

Plaintiffs' unpaid overtime claim fails to state a plausible claim for relief under the Fair Labor Standards Act ("FLSA") and binding First Circuit precedent addressing the pleading requirements for such claims. Plaintiffs' allegations are the type of threadbare, conclusory statements that simply parrot the FLSA's overtime provisions rather than provide sufficient factual content to adequately plead a violation. Rather than state a plausible claim that FedEx violated the FLSA, Plaintiffs merely allege a mechanism by which FedEx <u>may</u> have violated the FLSA. That is not enough and this claim should be dismissed.

Plaintiffs' declaratory judgment claim warrants dismissal for two reasons. First, Plaintiffs lack standing to bring it. The FLSA authorizes a private right of action only to recover unpaid wages and overtime. Only the Secretary of Labor is authorized to seek equitable relief such as declaratory judgment. Further, as alleged former drivers, Plaintiffs are not at risk of any imminent or future harm and have not even attempted to allege that they are. Second, Plaintiffs' declaratory judgment claim is merely duplicative of their first claim such that declaratory relief is unnecessary and unwarranted as a matter of law.

## MATERIAL ALLEGATIONS (OR LACK THEREOF)

Plaintiffs' amended complaint contains one paragraph for each Plaintiff. (*See* Am. Compl. ¶¶ 3-40.) Those paragraphs, however, contain no factual content relevant to any specific Plaintiff. Rather, each Plaintiff merely states the years in which they claim to have driven

delivery vehicles for unknown service providers, their "intermediary" employers[1], and a copy-and-pasted allegation that each of them "has been eligible to receive overtime pay under the FLSA because [Plaintiff] has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week." (Am. Compl. ¶¶ 3-40.) No Plaintiff alleges that they worked over 40 hours in any given week in which they actually drove a light vehicle, nor does any Plaintiff estimate or approximate the number of the hours they worked each week. (*See generally id.*)

Plaintiffs' complaint contains additional group-wide allegations, much like their previous putative collective action complaint (although this case is not a putative collective), which purportedly apply to "thousands of package delivery drivers within the United States," including Plaintiffs. (Am. Compl. ¶ 49; *see also* ¶¶ 50, 62-64.) In these paragraphs, Plaintiffs allege that they are part of this group of delivery drivers who, among other things, "have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week," and who "drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less." (*Id.* ¶¶ 49-50 (emphasis added).) Plaintiffs additionally allege that "FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week," "have driven trucks weighing less than 10,001 pounds," and "have not received overtime pay for their work beyond 40 hours per week." (*Id.* ¶¶ 62-64.) Again, here, Plaintiffs do not

---

[1] FedEx disputes that it jointly employed any of the Plaintiffs, but assumes Plaintiffs' allegations to be true for the purposes of its motion to dismiss as it must. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007).

estimate the number of hours they worked or describe the nature of the uncompensated work they performed (if any), including whether they worked overtime hours while driving vehicles with a gross vehicle weight rating ("GVWR") of less than 10,001 pounds ("light vehicles").

Plaintiffs make additional allegations throughout the amended complaint claiming that FedEx is their joint employer. (*Id.* ¶¶ 51-61, 65-67.) With respect to their declaratory judgment claim, Plaintiffs "request a declaration that they <u>were</u> FedEx's employees within the meaning of the FLSA." (*Id.* ¶ 69.) Plaintiffs however do not allege that they are at risk of any imminent or future harm. To the contrary, all allegations are in the past tense and allege past actions.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs must state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6). A claim is plausible only if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "make-or-break standard" is that Plaintiffs' allegations and any reasonable inferences, "taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepúlveda–Villarini v. Dep't of Educ.*, 628 F.3d 25, 29 (1st Cir. 2010).

## ARGUMENT

I.   **PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED BECAUSE THEY HAVE NOT PLED A PLAUSIBLE FLSA VIOLATION**

To state a plausible FLSA overtime claim, Plaintiffs must allege that they "were employed 'for a workweek longer than forty hours' and that any hours worked in excess of forty per week were not compensated 'at a rate not less than one and one-half times the regular rate.'" *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) (quoting 29 U.S.C.

§ 207(a)(1)). Because this is a mass action brought on behalf of 38 individuals, the complaint must sufficiently allege that <u>each Plaintiff</u> worked more than 40 hours in a given week and that they were not properly compensated overtime pay for any hours worked over 40 when they were entitled to it. *See id.* at 44, 46-47. Allegations that "merely parrot the elements" of the FLSA rather than provide factual content are properly dismissed. *See Gould v. First Student Mgmt., LLC*, No. 16-CV-359-PB, 2017 WL 3731025, at *2 (D.N.H. Aug. 29, 2017) (citing *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)). For two independent reasons, Plaintiffs' overtime allegations do not meet the pleading standards in the First Circuit, warranting dismissal.

### A.    Plaintiffs' Allegations are Threadbare Recitations of the FLSA's Elements

Plaintiffs have not pled a plausible claim for relief under the FLSA's overtime provisions. Their allegations consist of "little more than a paraphrase of the statute" and are thus so threadbare "that they fail to cross 'the line between the conclusory and the factual.'" *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (quoting *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)). Plaintiffs' allegations insufficiently allege mechanisms by which the FLSA <u>may</u> have been violated. *See id.* at 14. Because, under Plaintiffs' allegations, it is equally conceivable that (a) an FLSA violation supposedly occurred, (b) Plaintiffs were not eligible for overtime pay under the FLSA, (c) Plaintiffs did not work overtime in workweeks in which they were actually eligible for overtime pay, or (d) were properly compensated for overtime when they were eligible for it, Plaintiffs have not stated a plausible FLSA violation.

First Circuit courts have consistently held that allegations just like Plaintiffs'—that plaintiffs "regularly" or "routinely" worked over 40 hours in a week and were not compensated

for such time—are insufficient to state a plausible FLSA overtime violation claim. *See Pruell*, 678 F.3d at 13 (finding allegation that plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" was insufficient, standing alone, to survive motion to dismiss); *see also Gould*, 2017 WL 3731025, at * 6 (finding allegation that plaintiffs "on a regular basis worked in excess of forty hours, when all time is properly counted, and were not paid time and a half for hours worked over forty hours in the given week" closely resembled the allegations in *Pruell* and did not contain adequate factual content to survive motion to dismiss); Op. and Order at 3, *Reyes-Ramos et al v. Jose Santiago Inc.*, No. 3:16-CV-03162 (D.P.R. June 8, 2017), ECF No. 20, attached as Ex. A (finding allegation that "between the year 2011 and the present, each of the plaintiffs regularly and consistently worked more than 40 hours per workweek . . . and were undercompensated" factually insufficient).

Here, Plaintiffs allegations likewise are "little more than a paraphrase of the statute" and closely resemble the "key statement" that the First Circuit court in *Pruell* found insufficient. *Pruell*, 678 F.3d at 13. Plaintiffs allege that they "routinely worked more than forty hours per week" and "have not received overtime pay for their work beyond 40 hours per week." (Am. Compl. ¶¶ 62, 64.) Under *Pruell*, then, these allegations by Plaintiffs are insufficient to state a plausible claim for relief.

Nor do the additional allegations in the amended complaint help Plaintiffs resolve their pleading deficiency. Courts have found that the inclusion of additional allegations estimating the number of hours each Plaintiff was scheduled to work and identifying additional uncompensated time beyond those scheduled hours can plausibly allege an overtime violation. For example, in *Manning*, the court engaged in a plaintiff-by-plaintiff analysis and found that the allegations pled

a plausible claim for relief because each named plaintiff was scheduled for at least one 40-hour work week <u>and</u> identified additional uncompensated work that pushed their total weekly hours into overtime. 725 F.3d at 46-47. Similarly, in *Chesley v. DIRECTV, Inc.*, a the court found allegations adequate to state an overtime violation where each of the seven individual plaintiffs alleged the approximate number of hours they worked each week and "alleged specific activities that they completed for which they were not compensated." No. 14-CV-468-PB, 2015 WL 3549129, at *6-7 (D.N.H. June 8, 2015). Here, Plaintiffs have not asserted any similar additional allegations to bring their claim out from under the binding *Pruell* holding. For this reason alone, Plaintiffs' claim should be dismissed.

### B.    Plaintiffs' Allegations, at Most, Allege Mechanisms by Which the FLSA's Overtime Provisions <u>May</u> Have Been Violated

Plaintiffs' overtime claim should be dismissed for an additional, independent reason. Plaintiffs allege that they have worked more than 40 hours per week delivering packages, that they have driven trucks weighing less than 10,001 pounds, and that they have not received overtime pay for work beyond 40 hours per week. (Am. Compl. ¶¶ 62-64.) Critically, however, Plaintiffs do not allege a single workweek in which all three required components occurred together: where they worked more than 40 hours per week <u>and</u> did not receive overtime pay from their service provider, <u>and</u> were driving a truck weighing less than 10,001 pounds. Plaintiffs do not even provide estimates or approximations of weeks in which all three of these facts occurred, estimates of the number of hours they worked over 40 in such weeks, or describe the nature of the uncompensated work they performed—apart from alleging they were "delivery drivers."

Plaintiffs' allegations allege only a mechanism by which the FLSA <u>could have</u> been violated. But like in *Pruell*, Plaintiffs "could still have been properly compensated under the

FLSA." 678 F.3d at 14. For example, using Plaintiffs' allegations, there are several scenarios in which the Plaintiffs may have been properly compensated under the FLSA and have no claim. One would be where a Plaintiff was <u>not</u> paid overtime only in weeks in which they drove "heavy vehicles" (i.e., vehicles with a Gross Vehicle Weight Rating of 10,001 pounds or more) and thus not entitled to overtime pay. Another would be where a Plaintiff did not work any overtime in weeks in which they drove light vehicles. And yet another would be where a Plaintiff did work over 40 hours in a week in which they drove a light vehicle but were paid overtime for it. The point is that Plaintiffs have not alleged facts showing any actual FLSA violation.

1.    Plaintiffs do not allege workweeks in which they drove light vehicles

Plaintiffs allege they are commercial motor vehicle delivery drivers. (*See, e.g.*, Am. Compl. ¶¶ 45-46, 48-50, 54-55, 57.) They also allege that they "have" driven "in whole or in part" light vehicles. (*Id.* ¶ 49; *see also id.* ¶¶ 40, 63.) Plaintiffs make allegations about the use of light vehicles for a reason: they have no eligibility for overtime pay without more than de minimis use of vehicles with a GVWR of under 10,001 pounds.

Section 207 of the FLSA requires employers to pay employees overtime for all hours worked over 40 in a single workweek. 29 U.S.C. § 207. This requirement, however, does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49" (i.e. the Motor Carrier Act ("MCA")). 29 U.S.C. § 213(b)(1). Employees who are subject to the MCA exemption may be entitled to overtime pay under the "small vehicle" exception to that exemption. As relevant here, that exception applies to drivers who, "in whole or in part," drive vehicles weighing 10,001 pounds or less based on the vehicle's GVWR. *See e.g.*,

*McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 168 (3d Cir. 2015); *see also* SAFETEA-LU

Technical Corrections Act of 2008, Pub. L. No. 110-244, § 306(a), (c), 122 Stat. 1572. The "in

whole or in part" language has been interpreted by courts to require that commercial motor

vehicle drivers drove light vehicles more than a de minimis amount of time during the relevant

period to be entitled to overtime pay at all. *See, e.g.*, *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F.

Supp. 3d 466, 471-72 (E.D. Pa. 2019) (recognizing a "general consensus" among district courts

in applying de minimis requirement); *Noll v. Flowers Foods Inc.*, 478 F. Supp. 3d 59, 63, 67 (D.

Me. 2020) (the use of light vehicles is a predicate to overtime liability). And even if a

commercial motor vehicle driver meets the de minimis standard, they are eligible for overtime

only in the weeks in which they drove such vehicles. *See, e.g.*, *Gomez v. Loomis Armored US,

LLC*, No. 5:16-CV-931, 2017 WL 7052254, at *7 (W.D. Tex. Oct. 26, 2017) ("[T]he small

vehicle exception . . . does not apply in those workweeks where Plaintiffs worked only with

vehicles with a GVWR over 10,000 pounds.").

      These basic legal propositions are not, and have never been, in dispute in these cases. In

both *Roy*, the prior collective to which Plaintiffs were opt-in members, and the *Claiborne* action,

to opt into the cases, individuals had to state they had driven light vehicles and worked more than

40 hours "in at least some of those weeks." *See, e.g.*, J. Amaral Opt-In Form, *Roy v. FedEx

Ground Package Sys. Inc.*, No 3:17-cv-30116-KAR (D. Mass. Sept. 19, 2019), ECF No. 90-1,

attached as Ex. B. Thereafter, Plaintiffs' counsel voluntarily sought to dismiss opt-in plaintiffs

who did not drive light vehicles more than one percent of their time.[2] *See* Pls.' Mem. in Supp. of

---

[2] While LLR sought to dismiss opt-ins who did not drive light vehicles more than a de minimis
amount of time in both *Roy* and *Claiborne* based on scanner data FedEx produced in each case, it
took opposite positions with respect to vehicles with an unknown GVWR in each case. In

Mot. to Dismiss 450 Opt-In Pls. at 6, *Claiborne v. FedEx Ground Package Sys. Inc.*, No. 2:18-cv-01698-RJC (W.D. Pa. May 16, 2022), ECF No. 398, excerpts attached as Ex. C ("[O]pt-ins must have driven a light vehicle during at least 1% of all workdays during the relevant time period to fall within the small vehicle exception."); Pls.' Mot. to Dismiss 5 Opt-in Pls. at 4, *Roy* (Mar. 3, 2023), ECF No. 308, excerpts attached as Ex. D; *see also* Pls.' Mot. to Dismiss 32 Opt-In Pls. at 1, *Roy* (Aug. 22, 2023), ECF No. 360, attached as Ex. E (admitting that an additional 32 opt-ins "are not able to recover overtime pay because they did not drive vehicles under 10,001 pounds gross weight for more than a *de minimis* amount of time during the relevant period").)[3]

The court in *Claiborne* indeed adopted this proposition: "the individuals at issue in [the plaintiffs'] Motion to Dismiss cannot maintain a claim against FedEx because they are exempt from the FLSA's overtime requirement." Mem. Op. at 6-8, *Claiborne*, ECF No. 431, excerpts attached as Ex. F; *id.* ("[t]he Small Vehicle Exception is essential to Plaintiffs' claims"). As did the court in *Roy*. Order on Mot. to Dismiss, ECF No. 337, attached as Ex. G (dismissing opt-in plaintiffs whose light-vehicle use was *de minimis* because they "were not eligible to receive overtime" pay).

---

*Claiborne*, in contrast to *Roy*, LLR assumed that any vehicles with an unknown GVWR were heavy vehicles. (Shuford Decl. ¶ 10, *Claiborne*, ECF 398-1, Ex. C.) Thus, because Plaintiffs in this case come from the *Roy* case, not *Claiborne*, Plaintiffs' counsel may not have dismissed them previously because they included vehicles with unknown GVWRs as "light" in their calculation of the 1% use to meet Plaintiffs' counsel's defined "de minimis" use of light vehicles. Additionally, many individuals signed those forms who did not actually satisfy the requirements. (*See, e.g.*, Pls.' Mot. to Dismiss 32 Opt-In Pls. at 1, *Roy*, ECF No. 360, Ex. E.)

[3] The parties disagree on what percentage equates to "de minimis" use, and FedEx believes something more than one percent is certainly required, but that issue is not pertinent to this motion.

Plaintiffs will likely respond that the dismissals in *Roy* and *Claiborne* were done after discovery and, therefore, not applicable here. FedEx is not arguing about the actual facts regarding Plaintiffs in this case, however, but rather how Plaintiffs have <u>failed to even allege</u> all required facts to support their overtime claim at the motion-to-dismiss stage—including, in particular, their failure to allege use of light vehicles in weeks in which they worked overtime but weren't paid for it. Instead, Plaintiffs perfunctorily allege that they "have" driven vehicles weighing less than 10,001 pounds, "in whole or in part." (Am. Compl. ¶¶ 3-40, 49, 63.) This is insufficient to state a claim that Plaintiffs were even eligible for overtime compensation.[4]

> 2.    Plaintiffs do not allege weeks in which their service providers did not properly compensate them for overtime pay when they were eligible for it

Plaintiffs allegations merely state a conceivable, rather than plausible, claim for relief because they do not allege any factual content regarding the service providers for whom they worked (and admittedly paid Plaintiffs), and whether those service providers properly compensated them during any given light-vehicle week when Plaintiffs also worked over 40 hours.

Plaintiffs' amended complaint acknowledges that Plaintiffs are directly employed by independent service providers and that Plaintiffs worked for different service providers at different times. (Am. Compl. ¶¶ 49, 61.) Yet they do not allege that any service provider over any general period of time failed to pay them properly in any week when they were due overtime. Instead, they make the conclusory allegation that they "have not received overtime pay

---

[4] Plaintiffs do not allege any other mechanism by which they worked uncompensated time other than driving delivery vehicles, so this is the only pertinent inquiry.

for their work beyond 40 hours per week" (*id.* ¶ 64) at some point during the entire time they alleged they drove for service providers (*id.* ¶¶ 3-40).

For example, Plaintiff Christopher Pilotte has alleged that he drove over a 16-year period: from 2000 to 2016. (*Id.* ¶ 31.) He then alleges, as do the other Plaintiffs, that at some unidentified point in that 16 years, he "has been eligible to receive overtime pay under the FLSA[5] because [he] has driven a vehicle weighing less than 10,001 pounds." (*Id.*) He claims he "has not received overtime pay for hours worked beyond 40 hours per week." (*Id.*) What Pilotte does <u>not</u> allege is that he worked approximately however many overtime hours per week in weeks in a relevant time period in which he drove light vehicles and was not properly paid overtime: the required allegations that, if true, would lead to a plausible claim.

As alleged, then, at most we can determine that at some point during a 16-year period, Pilotte claims to have driven light vehicles. He does not allege that he in fact worked hours over 40, or approximately how many, nor when during those 16 years, but, at best, implies it by stating he did not receive overtime pay "for hours worked beyond 40 hours per week." (*Id.*) He also presumably relies on the complaint's general allegation that "FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week" (*id.* ¶ 62), a statement specifically rejected as sufficient to plead an FLSA overtime claim. *See Pruell*, 678 F.3d at 13; *Gould*, 2017 WL 3731025, at * 6. And,

---

[5] Plaintiff Pilotte's allegation that he has been eligible to receive overtime pay under the FLSA is "little more than a paraphrase of the statute," rather than a factual allegation, and thus does not assist him in defeating a motion to dismiss. *See Pruell*, 678 F.3d at 13.

finally, he claims that at some point during that 16-year period, he "has not received overtime pay." (Am. Compl. ¶ 31.)

Thus, it is just as possible that Pilotte suffered an actionable FLSA overtime violation as it is that Pilotte drove light vehicles sporadically and long ago and was paid overtime for those weeks in which he did and also worked over 40 hours, but was not paid overtime in weeks he worked over 40 hours in heavy vehicles (perfectly legal). Or that Pilotte never worked over 40 hours in light vehicles and therefore wasn't paid overtime in those weeks (again, perfectly legal). The same is true of all the other Plaintiffs. As a result, these allegations, at most, state a "merely conceivable" case for relief—not a plausible one—that must result in dismissal. *See Sepúlveda– Villarini*, 628 F.3d at 29.

## II.    PLAINTIFFS LACK STANDING TO BRING THEIR DECLARATORY JUDGMENT CLAIM

### A.    There Is No Private Cause of Action for Equitable Relief under the FLSA

Plaintiffs lack standing to bring their declaratory relief claim because the FLSA does not provide a private cause of action for them to do so. The FLSA "only authorizes the Secretary of Labor to seek injunctive relief, limiting employees to suits for unpaid wages and liquidated damages." *Mills v. Maine*, 118 F.3d 37, 54-55 (1st Cir. 1997) (citing 29 U.S.C. §§ 216, 217) (employees could not seek declaration of their rights under the FLSA). In drafting the FLSA, the "Congressional framers felt compelled to deputize only the Secretary of Labor for ultimately determining when there should be an invocation of equitable relief in championing and safeguarding the public interest." *EEOC v. Am. Tel. & Tel. Co.*, 365 F. Supp. 1105, 1122 (E.D. Pa. 1973), *aff'd*, 506 F.2d 735 (3d Cir. 1974). "[C]ourts," therefore, "are in unanimous agreement that the Secretary of Labor is vested with exclusive authority for filing a suit under

section 217 to restrain FLSA violations." *Marchak v. Observer Publ'ns, Inc.*, 493 F. Supp. 278, 280 (D.R.I. 1980) (citing *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3d Cir. 1943)). *See also Lorillard v. Pons*, 434 U.S. 575, 581 (1978) ("[I]n construing the enforcement sections of the FLSA, the courts had consistently declared that injunctive relief was not available in suits by private individuals but only in suits by the Secretary.").

By the same token, "[c]ourts have consistently held that [Section 216(b) of the FLSA] is the exclusive remedy for enforcing [private] rights." *Petras v. Johnson*, No. 92-cv-8298 (CSH), 1993 WL 228014, at *2 (S.D.N.Y. June 22, 1993). *See also Bowe*, 137 F.2d at 39 (employee FLSA actions "may be maintained <u>only</u> under Section 16(b) [29 U.S.C. § 216(b)] to recover back wages and liquidated damages") (emphasis added); *Platt v. Burroughs Corp.*, 424 F. Supp. 1329, 1340 (E.D. Pa. 1976) ("Section 216 is a part of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and it has been held that the statutory remedy of that section is the sole remedy available to the employee for enforcement of whatever rights he may have under the FLSA"). The "language of § 216(b) clearly limits private actions to recovery of unpaid minimum wages, unpaid overtime compensation, and violations of § 215(a)(3)." *Marchak*, 493 F. Supp. at 281.

Reinforcing the conclusion that an employee has no private right of action for equitable relief under the FLSA—either to seek declaratory or injunctive relief—is the thorough and comprehensive nature of the FLSA itself. "Congress [] created a very detailed and carefully defined right of action to enforce the FLSA overtime rules" (*Petras*, 1993 WL 228014, at *2 (internal quotation marks omitted)), and such a comprehensive enforcement scheme is a clear indicator that Congress intended to preclude other implied methods of enforcement or causes of action (*Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 328 (2015)). *See generally* 22B

John J. Dvorske, J.D., M.A. et al., *Federal Procedure, Lawyer's Edition* § 52:1580 (June 2025

Update) (the FLSA "provides an unusually elaborate enforcement scheme, including criminal

penalties and a private right of action for civil damages"). As the *Petras* court observed, "[o]n its

face . . . a clearer case of implied intent to exclude other alternative remedies by the provision of

one would be difficult to conceive." 1993 WL 228014, at *2 (citation omitted). Allowing

Plaintiffs to bring an FLSA claim not authorized under the FLSA "would thwart the careful and

comprehensive scheme established by Congress to remedy wage and hour violations falling

under the FLSA's scope." *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770

F. Supp. 2d 497, 515 (E.D.N.Y. 2011).[6] Plaintiffs' claim for declaratory judgment thus should be

dismissed because it is precluded by the FLSA itself.

### B.      Plaintiffs Allege No Future Imminent Harm

Plaintiffs lack standing for the additional reason that they allege only past driving with no

intention of driving in the future, so a declaratory judgment serves no purpose in preventing

potential future harm. Declaratory judgments serve a specific and forward-looking, not

retrospective, purpose: "to enable litigants to clarify legal rights and obligations <u>before acting</u>

<u>upon them</u>." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995)

(emphasis added). Put slightly differently, the purpose is to "define [and declare] the legal rights

and obligations of the parties <u>in anticipation of some future conduct</u>." *Greg Prosmushkin, P.C. v.

Hanover Ins. Grp.*, 479 F. Supp. 3d 143, 147 (E.D. Pa. 2020) (emphasis added) (quoting *Andela*

---

[6] Doing so would also "render meaningless the Secretary of Labor's right to terminate any
private party's suit should the Secretary decide to file a complaint." *Id.* (citing 29 U.S.C.
§ 216(b)) (an employee's right to bring an action for an alleged violation "shall terminate upon
the filing of a complaint by the Secretary of Labor in an action under section 217 . . .").

*v. Admin. Off. of U.S. Cts.*, 569 F. App'x 80, 83 (3d Cir. 2014)). *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

A claim for declaratory relief is brought under both Federal Rule of Civil Procedure 57, and 28 U.S.C. § 2201. The former provides (in pertinent part) that "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." 28 U.S.C. § 2201(a) (together with 28 U.S.C. § 2202,[7] the Declaratory Judgment Act (DJA)) provides:

> In a case of <u>actual controversy</u> within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

(Emphasis added.)

As the Rule 57 commentary explains, "Rule 57 implements the Declaratory Judgment Act, which gives federal courts clear authority to declare the rights of parties without granting 'coercive' relief such as money damages or an injunction." 2 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 57 (Feb. 2024 Update); *see also Ernst & Young*, 45 F.3d at 534 n.8 ("The Declaratory Judgment Act is mirrored by Fed. R. Civ. P. 57. The statute and the rule are functionally equivalent."). But the DJA "does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." *Ernst & Young*, 45 F.3d at 534.

Though empowered by the DJA to provide declaratory relief, a district court is not obligated to do so. *Wilton*, 515 U.S. at 282. Indeed, "federal courts retain substantial discretion in

---

[7] 28 U.S.C. § 2202 allows a court to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree . . . against any adverse party whose rights have been determined by such judgment."

15

deciding whether to grant declaratory relief." *Ernst & Young*, 45 F.3d at 534. "[D]istrict courts

exercising DJA discretion are [also] governed by considerations of practicality and wise judicial

administration." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (internal

quotation marks and citation omitted). Accordingly, they "should decline to hear a declaratory

judgment case <u>where it will serve no useful purpose,</u> <u>or where the parties' contemplated future</u>

<u>actions are likely to be unaffected by the entry of judgment</u>." *Interdigital Tech. Corp. v. OKI*

*Am., Inc.*, 845 F. Supp. 276, 287 (E.D. Pa. 1994) (emphasis added).

      Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of standing

because standing is a jurisdictional requirement. *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.

1995). "If a plaintiff lacks standing to bring a matter before a court, the court lacks jurisdiction to

decide the merits of the underlying case." *Id.* at 436. To "establish standing for a claim of

declaratory and injunctive relief, a plaintiff must establish that future harm is both imminent and

likely." *Williams v. Puerto Rico*, 910 F. Supp. 2d 386, 391 (D.P.R. 2012). "Past exposure to

illegal conduct does not in itself show a present case or controversy regarding injunctive relief,

however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414

U.S. 488, 495-96 (1974). Dismissal under Rule 12(b)(1) thus is warranted where a party fails to

allege it will suffer future injury, or that the conduct complained of is presently ongoing.

      Seeking declaratory relief is appropriate only where there is a justiciable, or actual, case

or controversy. *See generally* Fed. R. Civ. P. 57 Commentary. Because declaratory relief is, "by

definition[,] prospective in nature," it cannot sustain a claim of past injury. *CMR D.N. Corp. v.*

*City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013). *See also Wenzig v. Serv. Emps. Int'l*

*Union Loc. 668*, 426 F. Supp. 3d 88, 100 (M.D. Pa. 2019), *aff'd sub nom. Diamond v. Pa. State*

*Educ. Ass'n*, 972 F.3d 262 (3d Cir. 2020) (A "[d]eclaratory judgment is not meant to adjudicate alleged past unlawful activity."); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 699 (3d Cir. 1996) (claim for declaratory relief moot where there was "no hint in the record of any present or imminent future harm from the [defendant's] alleged conduct").

Because "past harm does not confer standing to seek forward-looking declaratory or injunctive relief," declaratory relief is appropriate only if "there is ongoing injury or a sufficient threat that the injury will recur." *Roe v. Healey*, 78 F.4th 11, 21 (1st Cir. 2023). In sum, "to present a justiciable controversy in an action seeking a declaratory judgment to protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, [and] of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Tait v. City of Philadelphia*, 639 F. Supp. 2d 582, 590–91 (E.D. Pa. 2009), *aff'd*, 410 F. App'x 506 (3d Cir. 2011) (quotation marks omitted).

From a pragmatic standpoint, "[t]he key question involves the usefulness of a declaratory judgment, that is, the extent to which the desired declaration 'would be of practical assistance in setting the underlying controversy to rest.'" *Ernst & Young*, 45 F.3d at 537 (quoting *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 693 (1st Cir. 1994)). Declaratory judgments may <u>not</u> be brought to "simply proclaim that one party is liable to another." *Greg Prosmushkin, P.C.*, 479 F. Supp. 3d at 147 (quoting *Andela*, 569 F. App'x at 83). Where, for example, a plaintiff's declaratory judgment claim is "not really seeking a declaration of rights," but rather "seek[s] a declaration that the defendants' actions were unlawful," dismissal with prejudice of the claim is warranted. *Selby v. Goodman Mfg. Co., LP*, No. 2:13-CV-2162-RDP, 2014 WL 2740317, at *7 (N.D. Ala. June 17, 2014). *See also S. Jackson & Son, Inc. v. Coffee, Sugar &*

*Cocoa Exch. Inc.*, 24 F.3d 427, 431 (2d Cir. 1994) ("where the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed") (internal quote and cite omitted).

This holds true in many contexts—including in relation to claims employees bring against their employers. Thus, former employees are not entitled to declaratory relief under the FLSA because they cannot show they have "a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *Henderson v. Franklin*, 782 F. App'x 866, 873 (11th Cir. 2019) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999)). *See also Fernandez v. CheckAlt Eras, Inc.*, No. 20-CV-22746-UU, 2020 WL 13016337, at *4 (S.D. Fla. Aug. 31, 2020) (because "Plaintiff is no longer employed by Defendants, there can be no future harm to Plaintiff stemming from his alleged classification as an independent contractor during his employment with Defendants,"; "[d]eclaratory relief is thus inappropriate").

In their amended complaint, 36 of 38 Plaintiffs allege work periods that ended years before the filing of their complaint in 2024. (Am. Compl. ¶¶ 3-40.) And although the other two, Plaintiffs Neto and Barros, allege working into 2024, they use only the past tense in alleging they "worked as a delivery driver." (Am. Compl. ¶¶ 29, 34.) Nor do any of the 38 even attempt to allege that any injury they allegedly suffered will continue or be repeated in the future. As alleged former employees, Plaintiffs lack standing to sue FedEx for declaratory relief.

## III.   PLAINTIFFS' DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED BECAUSE IT DUPLICATES PLAINTIFFS' FLSA CLAIM

Plaintiffs' declaratory judgment claim should be dismissed for an additional, independent reason: the claim is merely duplicative and adds nothing that isn't already part of their FLSA

overtime claim. Courts "have routinely dismissed declaratory judgment claims that are merely redundant of a plaintiff's other claims." *Watkins v. Bai Brands, LLC*, No. 3:17-CV-2715-BRM-DEA, 2018 WL 999677, at *4 (D.N.J. Feb. 20, 2018). *See also BASF Corp. v. Martineaus Auto Body, Inc.*, No. 18-CV-10881-ADB, 2019 WL 383885, at *5 (D. Mass. Jan. 30, 2019); *Gormally Broad. Licenses, LLC v. Charter Commc'n Holding Co., LLC*, No. CV 3:16-30152-MGM, 2017 WL 3131986, at *6 (D. Mass. Feb. 28, 2017). Where a claim for "declaratory relief [] is redundant with claims already presented," Federal Rule of Civil Procedure 12 (b)(6) applies and warrants its dismissal. *Carlson v. Amica Mut. Ins. Co.*, No. CV NO. 17-4621, 2018 WL 10809978, at *3 (E.D. Pa. Mar. 12, 2018).

"[I]f a party seeks declaratory relief that is redundant with claims already presented, courts may dismiss the claim which seeks declaratory relief for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Chaleplis v. Karloutsos*, 579 F. Supp. 3d 685, 706 n.3 (E.D. Pa. 2022) (quoting *Carlson*, 2018 WL 10809978, at *3). The Third Circuit even "urges courts to exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims," and essentially has ruled this trumps Rule 57's statement that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (quoting Fed. R. Civ. P. 57). *See also Greg Prosmushkin, P.C.*, 479 F. Supp. 3d at 148 (Third Circuit courts specifically "warn[] of legal claims that 'masquerade as a declaratory judgment' in order to activate discretionary jurisdiction") (quoting *Reifer*, 751 F.3d at 137).

The *Butta* court further reasoned that "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding

duplicative and piecemeal litigation." *Butta*, 400 F. Supp. 3d at 231 (quoting *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000)). Thus where, like here, the court's evaluation and resolution of the primary claim will resolve every aspect of the parties' dispute, dismissal of the declaratory judgment claim as redundant is warranted. *See BASF Corp.*, 2019 WL 383885, at *5.

Plaintiffs' declaratory judgment claim is identical to one of the required elements of their FLSA overtime claim. Plaintiffs bear the burden of proving FedEx was, in fact, their employer, or they have no FLSA overtime claim. *Cf. Saenz v. Rod's Prod. Servs., LLC*, No. 2:14-CV-00525 RB-GBW, 2015 WL 12866986, at *3 (D.N.M. June 23, 2015) (counterclaim for declaratory judgment as to plaintiff's employment status duplicative of FLSA claim, and dismissed as unnecessary). Plaintiffs essentially seek to recast their FLSA claim for damages as a claim for a declaratory judgment that FedEx violated the FLSA, but the declaration they request pertains to FedEx's alleged liability for overtime wages, is not prospective in nature, and will have no bearing on the current legal rights or relations of the parties. *See*, *e.g.*, *N.Y. State Ct. Clerks Ass'n v. Unified Ct. Sys. of N.Y.*, 25 F. Supp. 3d 459, 470 (S.D.N.Y. 2014).

Because no useful or practical purpose would be served by allowing Plaintiffs' redundant declaratory judgment claim to proceed—and dismissing it will remove "unnecessary clutter from" it—FedEx respectfully requests that the Court dismiss it. *See Zurich Am. Ins. Co. v. Watts Regul. Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citation omitted).

## CONCLUSION

For the reasons above, FedEx respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint.

Dated:  August 14, 2025     Respectfully submitted,


         */s/ Jessica G. Scott*

         Jessica G. Scott (*pro hac vice*)
         Macy Mize-Martinez (*pro hac vice*)
         Wheeler Trigg O'Donnell LLP
         370 Seventeenth Street, Suite 4500
         Denver, CO 80202-5647
         Telephone:  303.244.1800
         Facsimile:   303.244.1879
         scott@wtotrial.com
         mize-martinez@wtotrial.com

         Michael A. Siedband (BBO #676888)
         Joseph P. McHugh (*pro hac vice*)
         Shanicka L. Kennedy (*pro hac vice*)
         Federal Express Corporation
         1000 FedEx Drive
         Moon Township, PA 15108
         Telephone:   412.859.5917
         Telephone:   412.859.5792
         Facsimile:    412.859.5413
         michael.siedband@fedex.com
         joseph.mchugh@fedex.com
         shanicka.kennedy@fedex.com

         Attorneys for Federal Express Corporation,
         successor by merger to FedEx Ground Package
         System, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 14, 2025.

*s/ Jessica G. Scott*