**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SEAN DOYLE et al., | Case No.: 1:24-cv-12030-DJC-MPK |
| Plaintiffs, | |
| v. | |
| FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC., | |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO FEDERAL EXPRESS CORPORATION'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

TABLE OF CONTENTS

I.      Introduction ................................................................................................................. 1

II.     Factual Background ..................................................................................................... 3

III.    Legal Standard ............................................................................................................ 4

IV.     Argument .................................................................................................................... 4

        A.      FedEx Has Fair Notice of Plaintiffs' Claims, as Evidenced by its
                Rule 11 Motion ............................................................................................... 4

        B.      Plaintiffs' Complaint Sufficiently Pleads FLSA Violations ................................. 7

        C.      Should the Court Conclude that the First Amended Complaint is
                Deficient, Plaintiffs Should Be Granted Leave to Amend ................................. 11

V.      Conclusion ................................................................................................................ 13

## TABLE OF AUTHORITIES

### CASES

*Acosta v. Quality Granite & Cabinetry, LLC*,
    2018 WL 4762260 (D.N.H. Oct. 2, 2018) .......................................................... 11, 12, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 8

*Atl. Adm'rs Ins. Agency, Inc. v. Melcher & Prescott Agency, Inc.*,
    2007 WL 1933589 (D.N.H. June 29, 2007) ....................................................... 17

*B. Fernandez & Hnos., Inc. v. Int'l Bhd. of Teamsters*,
    2012 WL 1828048 (D.P.R. Apr. 11, 2012) ......................................................... 16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................... 5, 8, 11

*Camacho Ortiz v. Municipio de San Juan*,
    2020 WL 10433590 (D.P.R. May 28, 2020) ....................................................... 16

*Cooperman v. Individual, Inc.*,
    171 F.3d 43 (1st Cir. 1999) ................................................................................. 8

*DM Rsch., Inc. v. Coll. of Am. Pathologists*,
    170 F.3d 53 (1st Cir. 1999) ............................................................................... 17

*E. Food Servs., Inc. v. Pontifical Cath. Univ. Servs. Ass'n, Inc.*,
    357 F.3d 1 (1st Cir. 2004) ................................................................................. 16

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ............................................................................................. 8

*Foman v. Davis*,
    371 U.S. 178 (1962) ........................................................................................... 16

*Garcia-Catalan v. United States*,
    734 F.3d 100 (1st Cir. 2013) ..................................................................... 8, 11, 15

*Gillis v. Chase*,
    2017 WL 1535082 (D. Mass. Apr. 27, 2017) ..................................................... 9

*Kam IV, Inc. v. D'Onfro*,
    2017 WL 3083166 (D. Mass. July 19, 2017) ..................................................... 16

*Manning v. Bos. Med. Ctr. Corp.*,
    725 F.3d 34 (1st Cir. 2013) ......................................................................... 12, 15

*Menard v. CSX Transp., Inc.*,
    698 F.3d 40 (1st Cir. 2012)................................................................................................ 9, 11

*Morrissey v. Libby*,
    2012 WL 6649064 (D.N.H. Dec. 20, 2012)................................................................. 16

*Ocasio-Hernandez v. Fortuno-Burset*,
    640 F.3d 1 (1st Cir. 2011)................................................................................................ passim

*Pruell v. Caritas Christi*,
    678 F.3d 10 (1st Cir. 2012)................................................................................................ 13, 14

*Rodriguez-Ortiz v. Margo Caribe, Inc.*,
    490 F.3d 92 (1st Cir. 2007)................................................................................................ 8

*Roy v. FedEx Ground Package Sys., Inc.*,
    2024 WL 1346999 (D. Mass. Mar. 29, 2024)................................................................. 10

*Saldivar v. Racine*,
    818 F.3d 14 (1st Cir. 2016)................................................................................................ 9, 11

*Sanchez v. Truse Trucking, Inc.*,
    74 F. Supp. 3d 716 (M.D.N.C. 2014) ............................................................................. 13

*Santa Cruz v. Carbonell Torres*,
    2024 WL 6080270 (D.P.R. Mar. 4, 2024) ..................................................................... 9

*Smith v. United States*,
    120 Fed. Cl. 455 (2015) ..................................................................................................... 14

*United States ex rel. D'Agostino v. EV3, Inc.*,
    802 F.3d 188 (1st Cir. 2015)................................................................................................ 17

*Watterson v. Page*,
    987 F.2d 1 (1st Cir. 1993)................................................................................................ 9

## STATUTES

29 U.S.C. § 207 ..................................................................................................................... 5

## RULES

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 6
Fed. R. Civ. P. 15 ................................................................................................................... 6
Fed. R. Civ. P. 8 ..................................................................................................................... 5

## I.    INTRODUCTION

Plaintiffs—originally opt-ins in the previous matter of *Roy v. FedEx Ground Package System, Inc.*, No. 3:17-cv-30116-KAR (D. Mass.) ("*Roy*")—filed this action as a continuation of their claims alleging that FedEx, as their joint employer, failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). FedEx seeks to dismiss the First Amended Complaint ("FAC"), Dkt. No. 14, on several grounds, all of which are without merit. Plaintiffs have sufficiently pleaded that they worked, without overtime pay, in excess of forty hours per week delivering packages for FedEx. These allegations state straightforward FLSA violations. *See* 29 U.S.C. § 207(a)(1).

FedEx argues that Plaintiffs' allegations warrant dismissal because they "merely parrot the elements" of a FLSA claim. *See* FedEx's Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"), Dkt. No. 68 at 4. But as FedEx's prior filings confirm, it has ample notice of the underlying claims and is in possession of the most relevant evidence pertaining to these claims.

Namely, in its Motion for Rule 11 Sanctions ("Rule 11 Motion"), Dkt. No. 28, FedEx clearly indicated that it controls detailed driver data central to Plaintiffs' claims, and that it has actually utilized this data to evaluate the merits of these individual claims. FedEx accordingly has "fair notice of what the . . . claim is and the grounds upon which it rests,'" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and Plaintiffs have satisfied their burden under Rule 8(a)(2) of the Federal Rules of Civil Procedure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Further, based on the evidence within Plaintiffs' possession, the FAC sets forth fully plausible claims for violations of the FLSA. FedEx urges this Court to take a narrow, piecemeal

view of the paragraphs within the FAC. However, when read in its entirety—as is required—the FAC sufficiently alleges that Plaintiffs performed work as delivery drivers for FedEx, subject to FedEx's rules and requirements, and that they were not compensated for the overtime hours required to complete that work. Indeed, this is the conclusion recently reached by Magistrate Judge Katherine A. Robertson in *Alleyne v. FedEx Ground Package System, Inc.*, No. 1:24-cv-12031-RGS (Aug. 13, 2025), Dkt. No. 62 (attached as Exhibit A), a case brought by FedEx drivers in which the complaint mirrors the FAC at issue here. As Magistrate Judge Robertson acknowledged in denying FedEx's similar Rule 11 Motion in that action, "[t]he complaint pleads sufficient facts to plausibly infer that [FedEx] is [Plaintiffs'] joint employer and that [Plaintiffs were] not paid for [their] overtime work in violation of the FLSA." *Id.* at 5–6 (internal quotation omitted); *see also id.* at 17 ("[T]he FAC satisfies the requirements of Fed. R. Civ. P. 12(b)(6), meaning that it states claims upon which the court can grant relief.").

As the case law demonstrates, at this stage, Plaintiffs are *not* required to allege the precise dates and number of hours worked giving rise to the alleged violations, especially where, as here, the evidence containing this information is in Defendant's control. The proper course is to permit the parties to engage in discovery, which will fill in any missing details pertaining to Plaintiffs' claims.

Even if this Court determines that Plaintiffs' pleadings are deficient, Plaintiffs should be granted leave to amend. Federal Rule of Civil Procedure 15 provides a liberal standard for granting leave to amend, and such leave is frequently granted where a court identifies deficiencies that can be redressed.

For all these reasons, and as discussed below, FedEx's motion should be denied—except that Plaintiffs do not oppose dismissing their declaratory relief claim, as none currently works for FedEx.

## II.    FACTUAL BACKGROUND

FedEx operates a nationwide package pickup and delivery business. FAC ¶ 48. Thousands of package delivery drivers work for FedEx through intermediary employers called "independent service providers" ("ISPs"). *Id.* ¶ 49. Delivery drivers are classified as employees of the ISPs and work more than forty hours a week delivering packages for FedEx using—in whole or in part—vehicles with a gross vehicle weight rating ("GVWR") of 10,001 pounds or less, but are not paid the required time-and-a-half compensation for each hour worked beyond forty. *Id.* Plaintiffs were among these drivers. *See id.* at 2–12.

The economic reality of the relationship between Plaintiffs and FedEx is that of employee-employer.[1] *Id.* ¶ 53. Plaintiffs delivered FedEx packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos. *Id.* ¶ 55. The drivers performed work on strict and predictable schedules dictated by the volume of FedEx packages that needed to be delivered. *Id.* ¶ 58. Plaintiffs delivered packages for FedEx, i.e., provided compensable work, for more than forty hours each week. *See id.* ¶¶ 49, 54–55. Plaintiffs in the present action originally opted into the *Roy* collective action prior to its decertification. *See Roy*, Dkt. No. 408. No longer able to participate in the *Roy* action, Plaintiffs have continued their claims here, and FedEx now seeks dismissal.

---

[1]    FedEx does not dispute this finding in its Motion to Dismiss, acknowledging that Plaintiffs' allegations must be read as true at this stage. Motion to Dismiss at 2 n.1.

### III.    LEGAL STANDARD

In adjudicating a motion to dismiss, courts within this Circuit apply a two-pronged approach. *Ocasio-Hernandez*, 640 F.3d at 12. First, courts identify and disregard statements in the complaint that merely offer "legal conclusion[s] couched as . . . fact[]" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Second, courts treat as true "[n]on-conclusory factual allegations . . . even if seemingly incredible." *Id.* In this second step, courts "give plaintiffs the benefit of all reasonable inferences." *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). Dismissal is only appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Twombly*, 550 U.S. at 559).

### IV.    ARGUMENT

#### A.    FedEx Has Fair Notice of Plaintiffs' Claims, as Evidenced by its Rule 11 Motion

Rule 8 of the Federal Rules of Civil Procedure only requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" to avoid dismissal. *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). "A 'short and plain' statement needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ocasio-Hernandez*, 640 F.3d at 12 (quoting *Twombly*, 550 U.S. at 555). "Specific facts are not necessary" to provide the defendant with fair notice at the pleading stage. *See id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Moreover, in determining whether a complaint states a plausible claim for relief, courts take into account "whether discovery can reasonably be expected to fill any holes in the pleader's case." *Garcia-Catalan*, 734 F.3d at 104–05. More specifically, in instances where "a

material part of the information needed is likely to be within the defendant's control, . . . it is reasonable to expect that modest discovery may provide the missing link that will allow the [plaintiff] to go to trial on her claim." *Saldivar v. Racine*, 818 F.3d 14, 23 (1st Cir. 2016) (internal quotations omitted). In these instances, courts apply "some latitude . . . in applying the plausibility standard." *Id.* (quoting *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012)).

Here, FedEx's Rule 11 Motion clearly indicates that FedEx has ample notice of the facts surrounding the claims of Plaintiffs, who participated in discovery as opt-ins in *Roy*. *See* Rule 11 Motion at 28. As a preliminary matter, Plaintiffs note that this Court may take this Rule 11 Motion into consideration in deciding Defendant's Motion to Dismiss. As the First Circuit held in *Watterson v. Page*, while courts deciding 12(b)(6) motions to dismiss generally do not consider documents not attached to the complaint, there is an exception for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." 987 F.2d 1, 3 (1st Cir. 1993). It is well established that court filings, such as Defendant's Rule 11 Motion, are "official public records." *See Gillis v. Chase*, 2017 WL 1535082, at *1 (D. Mass. Apr. 27, 2017), *aff'd*, 894 F.3d 1 (1st Cir. 2018); *Santa Cruz v. Carbonell Torres*, 2024 WL 6080270 (D.P.R. Mar. 4, 2024) (collecting cases in which court filings were considered as public records on a motion to dismiss), *report and recommendation adopted sub nom. Cruz-Bacardi v. Carbonell-Torres*, 2024 WL 6080264 (D.P.R. Mar. 26, 2024). Moreover, Defendant cannot claim that there is a dispute over the authenticity of the Rule 11 Motion at issue, as this motion is Defendant's own filing.

Considering its earlier Rule 11 Motion, premised on years of parallel litigation, FedEx cannot credibly claim it lacks adequate notice of Plaintiffs' claims or the grounds on which they rest. As FedEx has noted, this case is a continuation of the *Roy* action; Plaintiffs participated in the *Roy* action as opt-in plaintiffs (which included participation in discovery) and filed the present action raising identical claims against FedEx following decertification in *Roy*. *See* Rule 11 Motion at 7. In its Rule 11 Motion, FedEx made it abundantly clear that it possesses—and indeed has already identified—the evidence necessary to defend against Plaintiffs' claims.

As FedEx notes in its Motion to Dismiss, Plaintiffs' FLSA claims hinge on the hours they worked delivering packages, as well as evidence pertaining to Plaintiffs' work driving vehicles with GVWRs of less than 10,001 pounds. *See Roy v. FedEx Ground Package Sys., Inc.*, 2024 WL 1346999, at *3 (D. Mass. Mar. 29, 2024) ("FedEx's possible liability for an FLSA violation will depend on proof that the employees drove vehicles with GVWRs of less than 10,001 pounds."). FedEx's Rule 11 Motion plainly indicates that FedEx is in control of the data required to substantiate Plaintiffs' claims, and, in fact, it has already utilized this data to evaluate the merits of Plaintiffs' claims. For instance, FedEx in its Rule 11 Motion cited scanner and vehicle data for individual Plaintiffs to make detailed assertions about the hours they worked and the vehicles they drove. *See* Rule 11 Motion at 17–18.

In other words, this is not a case where the parties are starting to litigate from scratch; rather, FedEx has already engaged in the discovery process pertaining to Plaintiffs' individual claims in a case raising an identical cause of action, providing it clear notice of the precise claims raised here.

Plus, the evidence that Plaintiffs require to develop their claims further is in FedEx's control. In their FAC, Plaintiffs have provided information based on the limited evidence they

have in their control; to allege FLSA violations, Plaintiffs have claimed that they worked over 40 hours per week without overtime pay and drove vehicles weighing less than 10,001 pounds. Plaintiffs cannot reasonably be expected to have in their possession detailed scanner and vehicle data pertaining to the hours worked per week across multiple ISPs. *See Garcia-Catalan*, 734 F.3d at 104 (acknowledging, at the pleading stage, that plaintiff could not have detailed information pertaining to her claim without the benefit of discovery). This precise data, as FedEx's Rule 11 Motion makes clear, is in the control of Defendant. Considering the detailed evidence cited in the Rule 11 Motion, there can be no doubt here that "discovery will reveal evidence" to support Plaintiffs' claims. *See Twombly*, 550 U.S. at 556. And, because this evidence is in Defendant's control, it is proper for the Court to apply latitude at the pleadings stage to ensure that meritorious claims are not blocked from proceeding due to evidentiary issues that can be resolved during discovery. *See Saldivar*, 818 F.3d at 23; *Menard*, 698 F.3d at 45.

Given these unique circumstances, where Defendant has clear notice of Plaintiffs' claims —as well as the evidence Plaintiffs require to provide additional details to support those claims—Plaintiffs' FAC meets Rule 8's liberal pleading standard, and their suit should be permitted to proceed past the pleadings stage to discovery.

### B.    Plaintiffs' Complaint Sufficiently Pleads FLSA Violations

Even if the Court does not take FedEx's Rule 11 Motion into consideration, Plaintiffs' FAC on its own meets the threshold to survive a Motion to Dismiss. To survive a motion to dismiss in an FLSA action, Plaintiffs "need not allege precisely the dates and number of hours worked giving rise to the alleged violation." *Acosta v. Quality Granite & Cabinetry, LLC*, 2018 WL 4762260, at *3 (D.N.H. Oct. 2, 2018). "If the complaint sets out facts showing that, for example, 'defendants' pay practices continuously required' employees to work overtime without the required premium pay, then the court may be able to make a reasonable inference that the

employees performed uncompensated work." *Id.* (quoting *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 46 (1st Cir. 2013)).

For instance, in *Manning v. Boston Medical Center Corp.*, the First Circuit considered allegations that the plaintiffs were scheduled to work forty hours per week "regularly," "approximately once a month," and "at least once a year." 25 F.3d at 46. Because "the complaint's basic thrust [was] that defendants' pay practices *continuously* required . . . employees to work time for which they did not receive compensation," that fact supported the reasonable inference that an FLSA violation occurred every time they worked over forty hours per week. *Id.* at 46-47. Furthermore, as noted above, Magistrate Judge Robertson recently held in *Alleyne* that a complaint brought by FedEx drivers—which substantively mirrors the complaint here—meets the Rule 12(b)(6) standard to survive a motion to dismiss. *See* Ex. A at 5–6, 17. The same conclusion is warranted here.

In their FAC, Plaintiffs plainly state that they worked over forty hours per week, driving vehicles weighing less than 10,001 pounds, without receiving overtime compensation—indicating straightforward violations of 29 U.S.C. § 207(a)(1). *See* FAC at 2–12. Moreover, Plaintiffs' FAC contains details about the nature of the work performed; it alleges that Plaintiffs "have worked more than forty hours per week *delivering packages for FedEx*," i.e., "delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme." FAC ¶¶ 49, 55 (emphasis added). Because the FAC states that FedEx repeatedly required Plaintiffs to work more than forty hours per week, based on "strict and predictable schedules pursuant to FedEx's same-day delivery requirements" without receiving overtime compensation, FAC ¶ 58, this Court can reasonably infer that FLSA violations occurred.

8

FedEx's arguments to the contrary essentially ask this Court to heighten the pleading standard for Plaintiffs, based on a misreading of First Circuit precedent. For instance, relying on *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012), FedEx first argues that Plaintiffs' assertions that they "routinely" worked over forty hours in a week are insufficient to state a plausible FLSA overtime violation claim. It is true, as FedEx notes, that *Pruell* does not permit an FLSA complaint to move forward based on a threadbare allegation that a plaintiff "regularly worked hours over 40 in a week and were not compensated for such time." *Id.* at 13. But the First Circuit made clear that these types of statements are only insufficient where they "stand[] alone," *id.*; as courts interpreting *Pruell* have since held, such a "borderline phrase" must be "analyzed in light of the other factual assertions in the complaint." *Sanchez v. Truse Trucking, Inc.*, 74 F. Supp. 3d 716, 723 (M.D.N.C. 2014). For instance, in *Sanchez*, the court noted that the complaint in *Pruell* was deficient because "the plaintiffs did not allege the nature of the work done when they worked more than 40 hours per week," but, in contrast, it found the complaint before it sufficient because "Plaintiffs sufficiently allege that they . . . worked well over 40 hours per week and described the nature of such work to be 'loading and unloading trucks for Defendant.'" 74 F. Supp. 3d at 723.

Here, as well, Plaintiffs' assertion that they "routinely" worked over forty hours per week should not be read in isolation. When reading the complaint as a whole, together with the Rule 11 papers, it is clear that Plaintiffs have provided sufficient information regarding the work they performed to plead plausible FLSA claims. For instance, Plaintiffs' FAC clarifies that they spent more than forty hours per week "delivering packages for FedEx," i.e., completing compensable work. FAC ¶ 49. Accordingly, this is not a case like *Pruell*, where the plaintiffs' threadbare

allegations of performing "work" left ambiguities regarding whether that work was compensable. 678 F.3d at 14.

Moreover, Plaintiffs' FAC ties these overtime violations to specific FedEx policies, noting that Plaintiffs performed delivery work "on strict and predictable schedules pursuant to FedEx's same-day delivery requirements." FAC ¶ 58. This additional information regarding FedEx's policies further weighs against dismissal. *See Smith v. United States*, 120 Fed. Cl. 455, 459 (2015) (distinguishing *Pruell* and denying a motion to dismiss based on the plaintiff's identification of policies that supplied the basis for the FLSA claim). In short, FedEx's argument that the FAC's allegations are "threadbare" misleadingly isolates phrases such as "routinely" to claim that *Pruell*'s disapproval of "borderline phrases" applies. When considering the whole FAC, however, it is clear that Plaintiffs have provided additional details about the nature of the work performed—and FedEx's connection to this work—to plead plausible FLSA violations.

FedEx's second argument, that Plaintiffs have only alleged that FLSA provisions *may* have been violated, also misses the mark. FedEx primarily argues that Plaintiffs failed to allege an FLSA violation because they do not identify a workweek in which "they worked more than 40 hours per week *and* did not receive overtime pay from their service provider, *and* were driving a truck weighing less than 10,001 pounds." Motion to Dismiss at 6. However, Plaintiffs' FAC states the following:

> FedEx employs thousands of package delivery drivers within the United States, who: . . . (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

FAC ¶ 49. The clear inference from this statement is that, during at least some of the weeks in which Plaintiffs worked more than forty hours per week and did not receive overtime

compensation, they were driving vehicles weighing less than 10,001 pounds. And, even if the Court finds this statement to be ambiguous, at this stage the Court must "view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." *Ocasio-Hernandez*, 640 F.3d at 17. In essence, FedEx asks this Court to make an adverse inference against Plaintiffs, in direct contravention of the motion to dismiss standard.

Defendant also asks this Court to contravene case law by penalizing Plaintiffs for a perceived failure to "allege precisely" the facts surrounding the hours worked, which they are not required to do at this stage. *See Acosta*, 2018 WL 4762260, at *3 (citing *Manning*, 725 F.3d at 46–47). As described in the FAC, FedEx attempted to shield itself from FLSA liability through an overcomplicated system of ISPs; as a result, drivers bounce around different ISPs, though their work for FedEx remains substantively the same. FAC ¶ 60. It would be unjust, and contrary to case law, to require Plaintiffs to nail down in their complaint the specific times in which they drove lighter trucks for more than forty hours per week without receiving overtime compensation—especially where the data outlining this information is in Defendant's control. As noted above, because critical evidence is in Defendant's hands, this is a case where "discovery can reasonably be expected to fill any holes in the pleader's case." *Garcia-Catalan*, 734 F.3d at 104–05. Accordingly, the concerns raised by FedEx here should be addressed at the discovery stage.

### C.    Should the Court Conclude that the First Amended Complaint is Deficient, Plaintiffs Should Be Granted Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend pleadings should be "freely give[n] . . . when justice so requires." Under this liberal standard, leave to amend should be granted absent an "apparent or declared reason," such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Heeding Rule 15, as well as the Supreme Court's instruction that a plaintiff "ought to be afforded an opportunity to test his claim on the merits," *id.*, courts in this Circuit frequently grant plaintiffs leave to amend as an alternative to dismissal where a complaint may be cured by deficiencies identified by the court. *See E. Food Servs., Inc. v. Pontifical Cath. Univ. Servs. Ass'n, Inc.*, 357 F.3d 1, 8 (1st Cir. 2004) ("[Leave to amend] is often granted not only pretrial but after a dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay."); s*ee also, e.g.*, *B. Fernandez & Hnos., Inc. v. Int'l Bhd. of Teamsters*, 2012 WL 1828048, at *4 (D.P.R. Apr. 11, 2012) ("Plaintiff's course of action— requesting leave to amend the complaint in order to cure any factual deficiencies . . . —has been previously favored by this court as an alternative to an early dismissal."); *Kam IV, Inc. v. D'Onfro*, 2017 WL 3083166, at *1 (D. Mass. July 19, 2017) ("Plaintiff . . . is granted leave to amend the complaint to address the deficiencies identified below."); *Morrissey v. Libby*,  2012 WL 6649064, at *2 (D.N.H. Dec. 20, 2012) ("The court will, however, grant [plaintiff] leave to amend his complaint, to assert additional facts . . . ."); *Camacho Ortiz v. Municipio de San Juan*, 2020 WL 10433590, at *2 (D.P.R. May 28, 2020) ("[T]he Court does not wish to deprive Plaintiff, on such an early stage, of his opportunity to correct deficiencies that could have been identified upon Defendants' filings of requests for dismissal."). Should the Court find that Plaintiffs' FAC suffers deficiencies, Plaintiffs request the opportunity to supplement facts that will permit them to pursue their claims.[2]

---

[2]    For instance, if the Court finds that paragraph 49 of the FAC, cited above, is ambiguous, Plaintiffs could easily amend their complaint to clarify that "they worked more than 40 hours per

Because there have been no undue delay, dilatory motive, or repeated failures to cure deficiencies, should the Court find FedEx's arguments persuasive, the proper course would be to provide Plaintiffs an opportunity to amend. The First Circuit has held that "Rule 15(a)'s leave freely given standard typically applies even where a party requests leave to amend after a motion to dismiss has been fully briefed." *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 195 (1st Cir. 2015). Indeed, the First Circuit has acknowledged that it is sensible for a plaintiff to "provid[e] the district court with additional facts to make its complaint concrete and plausible" after being presented with "the thrust of the defendants' arguments for dismissal." *DM Rsch., Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999); s*ee also Atl. Adm'rs Ins. Agency, Inc. v. Melcher & Prescott Agency, Inc.*, 2007 WL 1933589, at *2 (D.N.H. June 29, 2007) ("Responding to problems in a pleading that are identified in a motion to dismiss is an appropriate reason to amend a complaint."). Because this is the first opportunity Plaintiffs have had to address a motion to dismiss for failure to state a claim, Rule 15's liberal standard supports the Court providing Plaintiffs an opportunity to amend their complaint in the alternative of dismissal.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny FedEx's motion to dismiss—except that Plaintiffs do not oppose dismissing their declaratory relief claim, as none currently works for FedEx. In the alternative, Plaintiffs request the opportunity to amend any deficiencies found by the Court.

---

week *and* did not receive overtime pay from their service provider, *and* were driving a truck weighing less than 10,001 pounds." Motion to Dismiss at 6.

Dated:  August 28, 2025                    Respectfully submitted,

                                           SEAN DOYLE et al.,

                                           By their attorneys

                                           s/ Shannon Liss-Riordan
                                           Shannon Liss-Riordan (BBO #640716)
                                           Harold Lichten (BBO #549689)
                                           LICHTEN & LISS-RIORDAN, P.C.
                                           729 Boylston Street, Suite 2000
                                           Boston, Massachusetts 02116
                                           (617) 994-5800
                                           sliss@llrlaw.com
                                           hlichten@llrlaw.com

                                           Jeremy Abay (pro hac vice)
                                           LICHTEN & LISS-RIORDAN, P.C.
                                           30 Washington Avenue, Suite D-3
                                           Haddonfield, New Jersey 08033
                                           (856) 509-5346
                                           jabay@llrlaw.com

                                           Attorneys for Plaintiffs

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2025, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

_s/ Shannon Liss-Riordan_
Shannon Liss-Riordan