UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN DOYLE et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>        Defendant. | Case No.: 1:24-cv-12030-DJC-MPK |

**FEDERAL EXPRESS CORPORATION'S SUPPLEMENTAL BRIEF
IN RESPONSE TO NEW CASES PLAINTIFFS RAISED AT HEARING
ON FEDEX'S MOTION TO DISMISS**

During the hearing last week on FedEx's motion to dismiss, Plaintiffs' counsel made a new argument, citing two cases for the first time: *Oddo v. Bimbo Bakeries, Inc.*, 391 F. Supp. 3d 466 (E.D. Pa. 2019), and *Guy v. Absopure Water Co.*, 728 F. Supp. 3d 527 (E.D. Mich. 2024). Counsel argued that Plaintiffs need allege only that they drove a light vehicle a *de minimis* amount of time and there is no need for Plaintiffs to allege they drove light vehicles in a week in which they worked over 40 hours and were not paid overtime for it. (11/12/24 Hr'g Tr. 18:22-19:19.) Plaintiffs did not make this argument in their opposition brief to FedEx's motion and, indeed, acknowledged the correct analysis: "during at least some of the weeks in which Plaintiffs worked more than forty hours per week and did not receive overtime compensation, they were driving vehicles weighing less than 10,001 pounds." (*Alleyne*, Pls.' Opp'n 10, Dkt. No. 80.) Thus, Plaintiffs have waived this argument and the Court need read no further.[1] *See, e.g.*, *U.S. ex rel. Dyer v. Raytheon Co.*, 2013 WL 5348571, at *25 (D. Mass. Sept. 23, 2013).

Regardless of waiver, though, Plaintiffs' new argument fails for several other reasons.

## I. PLAINTIFFS DO NOT PLEAD FACTS SUGGESTING THEY SATISFY THE SMALL VEHICLE EXCEPTION'S *DE MINIMIS* REQUIREMENT

Plaintiffs' counsel appeared to argue at the hearing that *Oddo* and *Guy* stand for the proposition that an employee who qualifies for the small vehicle exception because they worked in a light vehicle a *de minimis* amount is entitled to overtime pay for all work over 40 hours in any workweek, regardless of whether the employee operated a small vehicle during that same

---

[1] These same Plaintiffs also made no such argument in *Roy v. FedEx Ground*, 2024 WL 1346999, at *3 (D. Mass. Mar. 29, 2024), where Judge Robertson agreed the analysis of whether someone was not paid overtime must line up with whether they worked over 40 hours in that week in a light vehicle.

1

workweek. (Hr'g Tr. 18:21–20:25.) Plaintiffs' counsel thus reasoned that Plaintiffs sufficiently alleged their individual overtime violations because they alleged they are "covered employees" (a conclusory legal statement, not one of facts) under the small vehicle exception and need not link their overtime hours to workweeks in which they drove small vehicles. (*Id.* at 22:3-9.)

But the small vehicle exception applies only if an employee's work with small vehicles is not *de minimis* during the period for which they are claiming unpaid overtime. (*Alleyne*, Def.'s Mem. 7–8, Dkt. No. 77.) Plaintiffs do not dispute this requirement (Hr'g Tr. 19:7-10), and both *Oddo* and *Guy* confirm it (*Oddo*, 391 F. Supp. 3d at 472; *Guy*, 728 F. Supp. 3d at 546–47). Work with small vehicles is considered *de minimis* when an employee's "continuing duties" do not involve use of a light vehicle or the employee's use of light vehicles is otherwise "trivial, casual, [or] insignificant," which is an inherently fact-intensive and individualized question. *Oddo*, 391 F. Supp. 3d at 472 (quoting *Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 875 (3d Cir. 2015)); *see also Guy*, 728 F. Supp. 3d at 546; *Roy*, 2024 WL 1346999, at *9.[2]

Nowhere, however, does any Plaintiff allege in their complaint that their use of light vehicles during the relevant period was more than *de minimis*, or part of their "continuing duties" and not "trivial, casual, [or] insignificant," for additional analyses in *Oddo* and *Guy* to even apply. *See Oddo*, 391 F. Supp. 3d at 472; *Guy*, 728 F. Supp. 3d at 551. Absent factual allegations stating, even generally, when or how often each Plaintiff drove a light vehicle during the

---

[2] FedEx does not concede that one percent is the ceiling for *de minimis* use, as there exist sound reasons for applying the *de minimis* exclusion to drivers whose light-vehicle use exceeds that threshold. *See Berry v. Best Transp., Inc.*, 2018 WL 6830097, at *7 (E.D. Mo. Dec. 27, 2018) (recognizing that the *de minimis* requirement "is more of a standard than a rule, clearly defined in the extremes but much hazier toward the middle" (internal quotation marks omitted)).

2

pertinent time period (e.g., "for several months during the relevant period" or "regularly throughout my employment"), Plaintiffs' new argument and reliance on *Oddo* and *Guy* fails. *See also O'Brien v. Lifestyle Transp., Inc.*, 956 F. Supp. 2d 300, 306 (D. Mass. 2013).

## II.   DRIVERS QUALIFYING FOR THE SMALL VEHICLE EXCEPTION ARE ELIGIBLE FOR OVERTIME ONLY IN WEEKS THEY USE LIGHT VEHICLES

Additionally, Plaintiffs' new contention that drivers covered by the small vehicle exception are entitled to overtime pay even when they don't drive light vehicles is contradicted by the weight of authority.[3] (*See also* Def.'s Mem. 7-8; *Alleyne*, Def.'s Reply 7-8, Dkt. No. 87.) Neither *Oddo* nor *Guy* even analyzed that question, let alone change that. Both cases addressed

---

[3] U.S. Dep't of Lab., Wage & Hour Div., Field Assistance Bulletin 2010-2 (Nov. 4, 2010) (employees who operate both heavy and light vehicles are "nonexempt" under the small vehicle exception "in those workweeks where work is also performed on a [light] vehicle"); *Rosales v. Indus. Sales & Servs., LLC*, 2024 WL 5274510, at *8 (S.D. Tex. Mar. 30, 2024) ("The small vehicle exception must be established on a workweek-by-workweek basis."), *aff'd sub nom. Rosales v. Indus. Sales & Servs., L.L.C.*, 2025 WL 1079075 (5th Cir. Apr. 10, 2025); *Gonzalez v. Dom's Lawnmaker, Inc.*, 2022 WL 17488524, at *6 n.3 (E.D.N.Y. Dec. 7, 2022) ("[T]he small vehicle exception only requires an employee to be paid overtime for the specific weeks in which the employee actually works on small vehicles."); *Cooper v. Noble Casing, Inc.*, 2016 WL 6525740, at *4–5 (D. Colo. Nov. 3, 2016) (overtime eligibility under the small vehicle exception requires an analysis of "each employee's duties on a week-by-week basis, as actually performed"); *Santana v. Lykes Exclusive, LP*, 2013 WL 1001850, at *3 (S.D. Fla. Mar. 13, 2013) ("Under [the small vehicle exception], the Motor Carrier Exemption does not apply to a driver…in any workweek in which their work affects the safe, interstate operation of motor vehicles weighing 10,000 pounds or less."); *Norman v. QES Wireline, LLC*, 2019 WL 4674957, at *7–8 (S.D. Tex. Aug. 30, 2019) ("[I]t is Plaintiffs' burden to show that in a relevant workweek they worked on a TCA-eligible vehicle . . .For those workweeks where Plaintiffs meet this burden, they would be eligible for overtime pay under the FLSA."), *R & R adopted*, 2019 WL 4673208 (S.D. Tex. Sept. 25, 2019); *Schell v. TDJ Oilfield Servs., LLC*, 2016 WL 11586948, at *4–5 (W.D. Tex. Oct. 4, 2016) ("[I]f part of an employee's work is done with vehicles weighing 10,000 pounds or less in a particular workweek, the employee is eligible for overtime pay during that workweek for any hours worked in excess of 40."); *cf.* 49 C.F.R. § 782.2(b)(3)–(b)(4) (workers who perform non-exempt duties are still subject to the MCA exemption in "those workweeks" in which they perform MCA-exempt duties, "but not in the workweeks" where they perform only non-exempt duties).

3

only whether the plaintiffs in those cases satisfied the small vehicle exception's threshold *de minimis* requirement, which, in *Guy,* the defendant argued was a determination to be made on a week-by-week basis (an argument FedEx has never made).

The *de minimis* standard is a threshold requirement for invoking the small vehicle exception in the first instance. But, as *Oddo* recognized, meeting that threshold does not negate the need for a week-by-week determination of drivers' overtime eligibility under the small vehicle exception. *Oddo*, 391 F. Supp. 3d at 471 (citing cases). The *Oddo* court recognized that "[t]he Department of Labor and several district courts have indicated that the [small vehicle exception] applies on a week-by-week basis" and, further, that "most courts that have applied the Small Vehicle Exception on a week-by-week basis have <u>still</u> considered" drivers' <u>overall use of light vehicles</u> before ruling whether they qualified for the exception at all. 391 F. Supp. 3d at 471. The court concluded, over the plaintiffs' objection, that this threshold *de minimis* requirement applied and that the plaintiffs' undisputed use of light vehicles there was not *de minimis*. *Id.* at 472–74. The court did not, and had no reason to, address whether the plaintiffs were entitled to overtime pay during weeks they drove exclusively heavy vehicles because the plaintiffs conceded that the small vehicle exception provided overtime eligibility only "for the weeks in which they used small vehicles." *Id.* at 469–71.

In *Guy*, following a jury trial, the court addressed the plaintiffs' overtime eligibility in light of the jury's factual findings, holding that the plaintiffs were <u>not</u> subject to the Motor Carrier Act exemption in the first instance because they did not satisfy the interstate commerce prong. 728 F. Supp. 3d at 532–45. Recognizing that "it need not reach the small vehicle exception" because of that holding, the court nonetheless concluded that the jury's findings on

4

certain plaintiffs' overall use of light vehicles satisfied the small vehicle exception's *de minimis* requirement, such that they would be eligible for overtime. *Id.* at 545–47. The court rejected the defendant's argument that the plaintiffs must prove they "met the de minimis threshold in a given workweek," *id.* at 549–50, finding "the Court's review of the caselaw does not compel the conclusion that the de minimis standard requires a week-by-week application," *id.* at 550. Again, FedEx has never argued that the threshold *de minimis* question must be analyzed on a week-by-week basis, making *Guy* irrelevant to the issues before the Court.

      Indeed, *Guy* is even further irrelevant because, as discussed above, Plaintiffs do not even allege each of them used light vehicles during the pertinent time period more than a *de minimis* amount, however defined, despite Plaintiffs' counsel's <u>argument</u> to the contrary (Hr'g Tr. 19:7-10 ("You simply look at whether they are a covered employee and they are a covered employee if they drove more than a *de minimis* amount of their time, meaning more than 1 percent of their time, in a small truck.")). And, as detailed in FedEx's motion to dismiss briefing in both *Doyle* and *Alleyne*, Plaintiffs also have failed to meet the First Circuit standards for pleading an FLSA overtime claim because they have not tied together any use at all of light vehicles to weeks in which they worked more than 40 hours during the pertinent time period <u>and</u> were not paid overtime for it.

5

Dated: November 19, 2025                     Respectfully submitted,

*/s/ Jessica G. Scott*
Jessica G. Scott (*pro hac vice*)
Macy Mize-Martinez (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
scott@wtotrial.com
mize-martinez@wtotrial.com

Michael A. Siedband (BBO #676888)
Joseph P. McHugh (*pro hac vice*)
Shanicka L. Kennedy (*pro hac vice*)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108
Telephone:   412.859.5917
Telephone:   412.859.5792
Facsimile:   412.859.5413
michael.siedband@fedex.com
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com

David N. Pritchard (*pro hac vice*)
Federal Express Corporation
3620 Hacks Cross Road, Building B
Memphis, TN 38125
david.pritchard@fedex.com

Attorneys for Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on _____, 2025.

                                                               */s/ Jessica G. Scott*