# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SEAN DOYLE,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br>successor by merger to FEDEX GROUND<br>PACKAGE SYSTEM, INC.,<br><br>      Defendant. | Case No.: 1:24-cv-12030-DJC-MPK<br><br>(Consolidated with *Alleyne*, 1:24-cv-12031-DJC) |

**FEDERAL EXPRESS CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION
FOR STATUS CONFERENCE REGARDING NEWLY-FILED CASES**

Based on the below, 28 U.S.C. § 137(a), and the orders FedEx cited in its opening motion, FedEx respectfully requests that the Court schedule a status conference in the above-referenced consolidated matter to discuss the handling of the more than 190 new cases Plaintiffs' counsel have filed using identical complaints to those that are currently the subject of Plaintiffs' pending motions for leave to amend. FedEx opposes those motions as futile attempts to meet this Court's roadmap for sufficiently pleading Plaintiffs' claims. All the 190+ new cases are brought by Plaintiffs that were before this Court as part of either *Doyle*, *Alleyne*, or *Amaral* before this Court dismissed them from those cases without prejudice.

## PERTINENT PROCEDURAL BACKGROUND

FedEx filed motions to dismiss in both *Doyle* and *Alleyne*, on the basis that the identically-alleged complaints did not satisfy the First Circuit's standard for pleading plausible causes of action. (*See, e.g.*, *Doyle*, Dkt. Nos. 67-68; *Alleyne*, Dkt. Nos. 76-77.) In both cases, FedEx also moved to sever the cases because *Doyle* was pleaded as a 38-Plaintiff mass action and *Alleyne* as a 140+ Plaintiff mass action. (*Doyle & Alleyne*, Dkt. Nos. 88-89.) As FedEx explained, the commonality of its motions to dismiss between the two cases "is due to how Plaintiffs pleaded the alleged unpaid overtime violations—using copy and paste allegations in a virtually identical complaint…" (Dkt. 89 at 15.)[1]

---

[1] After FedEx had filed its motions to dismiss in *Doyle* and *Alleyne*, but before the motions had been fully briefed and thus without a decision from the Court on the motions, Plaintiffs' counsel filed *Amaral et. al. v. Federal Express Corporation*, No. 1:25-cv-12811-DJC, as an 18-Plaintiff mass action. The parties subsequently briefed FedEx's dismissal motion and severance motion there as well.

1

After a hearing, the Court granted FedEx's motion to dismiss and to sever, denying FedEx's request to transfer, finding it was appropriate for single-Plaintiff cases to proceed before this session in the event Plaintiffs filed motions for, and were granted, leave to amend their complaints. (*See generally* Mem. & Order, Dkt. No. 104.) The Court dismissed all Plaintiffs but Doyle and Alleyne without prejudice, and permitted Doyle and Alleyne to file motions seeking leave to amend their complaints as to their overtime claims. (*Id.* at 32-33.) Based on the same reasoning, the Court did the same in the *Amaral* case. (*Amaral*, Dkt. No. 24.)

Per the Court's set deadlines, Plaintiffs filed motions for leave to amend the *Doyle* and *Alleyne* complaints in this case (Dkt. Nos. 106, 107), and in *Amaral* (*Amaral*, Dkt. No. 27). FedEx filed oppositions to each Plaintiff's motion on futility grounds because Plaintiffs still had not complied with the Court's detailed ruling on what was required to sufficiently plead their overtime claims. (Dkt. Nos. 108, 109.) That briefing is now complete and ripe for decision from this Court (as of March 6, 2026), and the same is true in *Amaral* (as of March 3, 2026).

After this Court's decisions on FedEx's motions to dismiss, <u>but before Plaintiffs had even filed their motions for leave to amend their complaints</u> in *Alleyne*, *Doyle*, and *Amaral*, Plaintiffs' counsel began filing over 190 cases in this Court between February 4 and 11, 2026. <u>All</u> of these complaints are identical to those Plaintiffs seek leave to amend to file in *Alleyne*, *Doyle*, and *Amaral* (with the exception of a paragraph or two regarding alleged light vehicle usage). Notably, despite Plaintiffs' counsel previously filing *Amaral* as "related" to *Alleyne* and *Doyle*, and this Court <u>not</u> removing that designation, Plaintiffs' counsel did not file any of these cases as such, resulting in the 190+ cases now pending before 14 different judges in this District (not

including Your Honor, or the Magistrate Judges to which 22 of the new cases have been directly assigned, at least for now).

Plaintiffs' counsel have now requested that FedEx agree to waive service in those 190+ cases, which FedEx is still considering under Fed. R. Civ. P. 4(d)(1)(F) and has not yet done. In the meantime, FedEx proposed asking this Court to enter an administrative stay on the new cases pending this Court's decision on Plaintiffs' motions to file amended complaints in *Amaral*, *Doyle*, and *Alleyne*. Plaintiffs' counsel would not agree, noting that it would be entirely proper for different judges to disagree with this Court's rulings on the sufficiency of Plaintiffs' complaints.

Rather than waiting for guidance from this Court on how to proceed, and despite FedEx not yet served, Plaintiffs' counsel, on March 13, 2026, filed a "Motion to Set Expedited Trial Date," in some sort of attempt to jump over the pleadings stage, Plaintiff- (as opposed to opt-in) discovery and deposition, and summary-judgment briefing. (*Ayala-Robles v. Federal Express Corporation*, No. 1:26-cv-10815-WGY.)

## ANALYSIS

The new 190+ actions have been distributed to 10 of the 11 active District Court Judges and 4 of the 7 Senior District Court Judges in the three divisions of this Court. Other than the name of the plaintiff and specific details about hours worked in vehicles with a Gross Vehicle Weight Rating under 10,001 pounds, the allegations in each complaint—including allegations related to joint employment and pay—are identical, including the missing information as to <u>how</u> each Plaintiff was paid, when they were paid overtime (or not), and if they worked overtime in a week while driving light vehicles but were not paid for that overtime. Whether these key missing

allegations (among others) are necessary to sufficiently plead a plausible overtime violation under binding First Circuit law is currently pending and ripe for decision before this Court.

At a conferral with Plaintiffs' counsel regarding these new complaints, Plaintiffs' counsel rebuffed FedEx's suggestion that the Parties agree to stay all new matters pending a resolution by this Court of the motions for leave to amend in *Amaral*, *Alleyne*, and *Doyle* so that FedEx could avoid administratively burdening the District with identical motions practice spread out over 190 cases and more than 15 different judges.

Rather than wait to learn this Court's preference for how best to proceed, Plaintiffs' counsel indicated they intend to aggressively litigate these new matters as currently pleaded regardless of the outcome of the pending motions before this Court in *Amaral*, *Alleyne*, and *Doyle*. And on March 12, 2026, Plaintiffs' counsel advised FedEx that they planned to file a motion for an expedited trial in one of the new matters and did so on March 13. Plaintiffs "full steam ahead" approach will cause a significant and potentially unnecessary burden on the Court, should Your Honor decide that Plaintiffs' proposed amendment has not cured the pleading deficiencies that the Court previously outlined.

FedEx submits that a status conference is necessary to address the implications of these new matters for the Court's overall docket. Should Plaintiffs' counsel persist in their current position, FedEx will have to file 190 separate motions to dismiss before more than 14 different judges, each of whom would be addressing the identical issues currently pending before this Court. This is a waste of scarce judicial resources and poses a material risk of inconsistent rulings that may be avoided. At the requested status conference, this Court and the Parties can discuss ways to avoid or, at least, minimize these problems.

4

FedEx expects Plaintiffs' counsel to argue that any sort of stay is inconsistent with FedEx's position that the claims of severed Plaintiffs must be decided in separate proceedings, and that in any case this Court has no jurisdiction over the 190 new matters. Not so. The 190+ new individual Plaintiffs indeed have claims independent from each other and must rise or fall on their own merits and discovery related to their own merits (or lack thereof), but only if they actually properly plead viable claims specific to each Plaintiff rather than identical claims akin to a collective or mass action, just in 193 different filings. To be clear, FedEx is not asking that these cases be consolidated. FedEx rather defers to Your Honor, as the Chief Judge of this District, on how best to proceed to lessen the burden on the other judges of this Court on this particular issue when the question of whether these identical complaints suffice to state overtime claims are already ripe for decision in three cases before this Court. *See* 28 U.S.C. § 137(a).

Based on the above, and to discuss the above, FedEx respectfully requests the Court schedule a status conference.

5

Dated: March 16, 2026                  Respectfully submitted,

*/s/ Jessica G. Scott*
Jessica G. Scott (*pro hac vice*)
Macy Mize-Martinez (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
scott@wtotrial.com
mize-martinez@wtotrial.com

Michael A. Siedband (BBO #676888)
Joseph P. McHugh (*pro hac vice*)
Shanicka L. Kennedy (*pro hac vice*)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108
Telephone:   412.859.5917
Telephone:   412.859.5792
Facsimile:   412.859.5413
michael.siedband@fedex.com
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com

Attorneys for Federal Express Corporation,
successor by merger to FedEx Ground Package
System, Inc.

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 16, 2026.

*/s/ Jessica G. Scott*